ORINOCO REALTY COMPANY, INC., Respondent, *v.* MAURICE BANDLER, Appellant.

First Department, July 8, 1921.

Landlord and tenant — action to recover rent of property in New York city — defense that lease was executed under duress not established — lease executed prior to taking effect of rent laws of 1920 not affected thereby.

In an action to recover rent of property in the city of New York the answer does not state facts sufficient to constitute the common-law defense of duress in the execution of the lease, where it is alleged merely that the plaintiff refused to renew the lease for a new term at a reasonable and fair market value, but demanded that defendant execute a lease for a term of three years at the unreasonable, excessive and oppressive rental of more than double the rent being paid; that said demand was made in anticipation of the so-called rent laws of 1920, which were then pending

in the Legislature; that the defendant was unable to secure other housing facilities and protested against the force, coercion and intimidation of the plaintiff, and that he executed the lease under threat of plaintiff to immediately rent the premises to another.

The so-called rent laws of 1920 are not retrospective in operation and, therefore, do not apply to a lease executed prior to the time of their taking effect.

APPEAL by the defendant, Maurice Bandler, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 25th day of February, 1921, granting plaintiff's motion for judgment on the pleadings consisting of a complaint and answer.

*I. T. Flatto* [*Alanson T. Briggs* with him on the brief], for the appellant.

*Lewis M. Isaacs* of counsel [*M. S. & I. S. Isaacs*, attorneys], for the respondent.

*Henry F. Wolff* of counsel [*Isidor Lazarus* with him on the brief; *Ivins, Wolff & Hoguet*, attorneys], *amicus curiæ*, in behalf of the mayor's committee on rent profiteering.

GREENBAUM, J.:

The complaint alleges that on March 26, 1920, the defendant entered into an agreement of lease with the plaintiff in the terms of renewal of a lease under which defendant was then in possession of an apartment at 1155 Park avenue, New York city, for a three-year term commencing October 1, 1920, at an annual rental of $5,750 and that the rent for the first three months of this term and electric charges had not been paid by the defendant, amounting to $1,461.45, for which sum judgment is asked.

The answer, after alleging certain denials which are unimportant here, sets up as a separate and distinct defense that the alleged lease was signed by the defendant under pressure and duress; that at the time of making the lease he occupied the premises under a lease expiring September 30, 1920, at an annual rental of $2,400; that on March 26, 1920, plaintiff refused to renew the lease for a new term at a reasonable

and fair market value, but demanded that defendant immediately execute a lease for a three-year term from October 1, 1920, at the unreasonable, excessive and oppressive rental of $5,750 per annum, over double the amount of the previous rental, an increase of nearly 140 per cent; that said demand was made in anticipation of the so-called April Rent Laws which were then pending in the Legislature, and became a law a few days after the alleged lease was executed; that defendant was in grave fear because of said threat, and made every effort to obtain other housing facilities for himself and his wife and children, but found that it was impossible to find suitable quarters elsewhere; that defendant protested against the force, coercion and intimidation of plaintiff; that he executed the alleged lease under threat of plaintiff to immediately rent the premises to another and that after said April Rent Laws became effective, plaintiff promised defendant that it would thereafter not charge more than a reasonable rental for said premises, the said lease notwithstanding; that defendant did not enter into possession of said premises on October 1, 1920, by reason of said lease, but continued in occupation of the premises after the expiration of the term of his prior lease, relying upon the relief intended to be afforded him by the Legislature in the enactment of the Rent Laws which became effective on September 27, 1920, before the expiration of his prior lease; that defendant offered to pay the plaintiff the rent due on October first, at the rate of the previous rental of $2,400 per annum, but plaintiff refused to accept said payment; and that defendant is ready, willing and able to pay a fair and reasonable market rental for the occupancy of the premises.

It appears from the papers on appeal that the learned justice at Special Term who granted plaintiff's motion for judgment on the pleadings accompanied it with the following memorandum: " It being conceded by the parties that the Rent Laws of 1920 are not relied on to determine the issues herein, the motion for judgment on the pleadings is granted, with costs."

Counsel for the appellant here contends that it was not his intention at Special Term to lead the court to think that he had made the concession mentioned in the foregoing memo-

randum and that the learned justice evidently labored under a misconception in that respect.

Counsel for the respondent, however, calls our attention to the fact that the memorandum submitted by the appellant's counsel at Special Term opened with the statement that " the defense is common law duress," and concluded as follows: " A strictly common law defense of duress is set up in the amended answer."

The argument of appellant's counsel before us was limited to the consideration of the alleged rights of the defendant under the so-called Rent Laws. It is thus evident that the defendant does not now seek to uphold his answer upon the theory that it sets up a common-law defense of duress. There is no doubt that the common-law defense of duress will not avail the defendant, as sufficiently appears from the dissenting opinion of Judge McLAUGHLIN in *Levy Leasing Co., Inc.*, v. *Siegel* (230 N. Y. 634) in which he discussed the common-law defense of duress, which had been interposed, and held that it was insufficient, a conclusion with which " all the members of the court agree." Considering the pleadings under the Rent Laws of 1920, it seems to us only necessary to refer to the following cases which have passed upon the question before us: *Paterno Investing Corp.* v. *Katz* (112 Misc. Rep. 242; affd., 193 App. Div. 897); *Sylvan Mortgage Co., Inc.*, v. *Stadler* (115 Misc. Rep. 311); *Seventy-eighth Street & Broadway Co.* v. *Rosenbaum* (111 id. 577).

In affirming *Paterno Investing Corp.* v. *Katz* (*supra*), which held that chapter 136 of the Laws of 1920 does not apply in the case of a lease of premises made before April 1, 1920, when the law became operative, we necessarily approved of the conclusions of the learned Special Term justice that the Rent Laws had no retrospective application. We find no reason for changing our views in that respect. The constitutionality of the Rent Laws was, of course, based upon the legislative finding of an existing emergency, and it may be fairly assumed that the conditions which called upon the Legislature to declare the existence of the emergency prevailed for some time before such legislative declaration. But we nevertheless cannot give retrospective effect to such legislation unless the Legislature in unmistakable terms stated that

prior leases made under conditions similar to those existing when the emergency legislation was passed shall come within its provisions. If appellant's contention be sound it would be necessary in each case where a lease was made prior to April 1, 1920, to determine the conditions prevailing when the lease was executed. Hopeless confusion would result from such a construction of the legislative enactments.

The order of the Special Term must be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.