STAYTON REALTY CORPORATION, Appellant, *v.* LEOPOLD B. RHODES, Respondent.

First Department, March 3, 1922.

**Landlord and tenant — Rent Laws of 1920 not retrospective and not applicable in action to recover balance due under lease of apartment in New York city executed prior to time said laws took effect — common-law duress in execution of lease not sufficiently alleged as defense.**

The so-called Rent Laws of 1920, which went into effect on April first of that year, are not retrospective in operation, and, therefore, cannot be used as a defense to an action to recover the balance of rent alleged to be due under a renewal lease executed prior to April 1, 1920.

The defense of common-law duress in the execution of the renewal lease upon which the action was based, founded on allegations that by reason of the impossibility of procuring another suitable abode at a fair and reasonable rent, and the threat of the plaintiff that if the defendant did not sign a lease the property would be leased to other persons, and the plaintiff's insistence that the lease must be signed before the Rent Laws, which were then before the

Legislature, were passed, the renewal lease was executed by the defendant, was not sufficiently alleged, for the reason that the defendant retained possession of the premises while at the same time desiring to be relieved from the contract.

APPEAL by the plaintiff, Stayton Realty Corporation, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 4th day of November, 1921, denying the plaintiff's motion for judgment upon the pleadings consisting of a complaint and answer, and a demurrer to the counterclaim in the answer.

*M. S. & I. S. Isaacs* [*Lewis M. Isaacs* of counsel], for the appellant.

*Lee, Aron & Wise* [*Harold G. Aron* of counsel], for the respondent.

SMITH, J.:

The action is for the recovery of rent. A lease was made for the sum of $3,300 by the defendant in the year 1918, from the 1st day of October, 1918, to the 30th day of September, 1920. On the 22d of March, 1920, this lease was renewed for the term of three years, at $6,600, payable in monthly installments in advance. The complaint alleges the failure of the defendant to pay said sum in full, and demands judgment for the balance due of $1,540 with interest.

The answer admits the execution of the renewal lease in 1920, and admits certain payments, and that no further payments have been made than those claimed by the plaintiff in the complaint. For the first separate and distinct defense the defendant alleges that the agreement of March, 1920, was oppressive and void, and that the rent reserved therein is unjust and unreasonable under the provisions of the statute. The second affirmative defense alleges the shortage of housing accommodations in the city of New York and the impossibility of procuring other suitable abode at a fair and reasonable rent, and that, before the signing of the lease sued upon, the plaintiff notified the defendant that, in case of failure to sign said lease, the place would be leased to other parties; and that, in view of the prospect of the passage by the Legislature of measures for the relief of tenants in the city of New York, the plaintiff compelled the defendant to execute the lease prior to the first day of April, on which day the Legislature passed the relief measures, and such measures became the law of the State; and that the agreement was not willingly made by the defendant, but that the defendant was compelled to sign the same; and the defendant avers that the payments made were under the prior lease. As a third separate and distinct defense and counterclaim, the defendant alleges his payment of part of the rent demanded by the lease sued upon over and above the fair and rea-

sonable value thereof to the extent of $660, and judgment is asked against the plaintiff for the return of said sum of $660 with interest and costs.

In *Orinoco Realty Co., Inc.,* v. *Bandler* (197 App. Div. 693) this court has held that the so-called Rent Laws of 1920 are not retrospective in operation and do not apply to a lease executed prior to the time of taking effect. It is further held that an answer substantially in the form of the present answer, attempting to allege common-law duress in substantially the same form as the answer in the case at bar, was not a good answer. This decision was affirmed in the Court of Appeals, February 28, 1922 (233 N. Y. 24).

In *Levy Leasing Co., Inc.,* v. *Siegel* (230 N. Y. 636), Judge McLaughlin, writing a dissenting opinion of the court, states that "The facts pleaded in the first affirmative defense were insufficient upon the face thereof and in this all the members of the court agree." The answer in that case was very similar to the answer in the case at bar, although it is alleged in the case at bar that the defendant had endeavored to procure apartments elsewhere at a reasonable rental and had been unsuccessful, while, in that case, it does not seem to have been alleged that such an attempt had been made. The opinion of Judge McLaughlin reads: " It never constitutes duress for a person to threaten to enforce his legal rights by lawful means. (*McPherson* v. *Cox,* 86 N. Y. 472; *Dunham* v. *Griswold,* 100 N. Y. 224.) If he had been coerced into signing the renewal, he could rescind for that reason, but in order to do so he had to surrender possession of the property. This is the general rule. A party cannot rescind while retaining the fruits of the contract. In case of real estate he must surrender possession before he can maintain an action for rescission of the instrument under which he obtained possession. (*Schiffer* v. *Dietz,* 83 N. Y. 300; *Tompkins* v. *Hyatt,* 28 N. Y. 347, 353; *Oregon Pacific R. R. Co.* v. *Forrest,* 128 N. Y. 83.) "

Under authority, therefore, it would seem that the Rent Laws, so called, were not applicable, and that no common-law duress was sufficiently alleged by reason of the defendant's retaining possession of the fruits of the contract from which he seeks to be relieved.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and plaintiff's motion for judgment upon the pleadings should be granted, with ten dollars costs.

CLARKE, P. J., DOWLING, PAGE and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.