(99 App. Div. 290)

PEOPLE ex rel. FRANK v. MONROE.

(Supreme Court, Appellate Division, First Department. December 9, 1904.)

1. MUNICIPAL CORPORATIONS—CIVIL SERVICE—SUSPENSION—MANDAMUS.

Under Greater New York Charter (Laws 1901, p. 636, c. 466) § 1543, authorizing the abolishment of positions held by persons in the civil service of the city, and providing that the name of the person whose position is abolished shall be certified to the civil service commission for reinstatement on the occurrence of the first vacancy, an employé whose position is in good faith abolished, and whose name was duly certified to the commission, and who received an appointment to the first vacancy, is not entitled to mandamus to compel reinstatement to his original position merely because he was notified that he was removed from the service, instead of the notice stating that he was suspended.

Appeal from Special Term, New York County.

Petition by the people, on the relation of Henry Frank, against Robert G. Monroe, as commissioner of water supply, gas, and electricity of the city of New York. From an order granting a peremptory writ of mandamus, respondent appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

William B. Crowell, for appellant.
Edgar M. Leventritt, for respondent.

McLAUGHLIN, J. This appeal is from an order granting a peremptory writ of mandamus, after trial of the issues raised by an alternative writ and the return thereto, commanding the appellant, as commissioner of water supply, gas, and electricity of the city of New York, to reinstate the relator to a position formerly held by him. At the trial the following facts were established: The relator, having complied with the civil service requirements, was on the 2d of May, 1902, holding a position as clerk in the department of water supply, gas, and electricity, at a salary of $1,500 per year. On the 7th of April, 1902, the board of estimate and apportionment of the city of New York notified the commissioner of water supply, gas, and electricity that he must reduce the pay roll of his department at least 10 per cent. and that such reduction could be effected by dismissing persons employed, by abolishing positions, or by reducing salaries. The commissioner protested against the reduction, but his protests were unavailing; the board insisting that he comply with its previous direction, which he did by reducing certain salaries and abolishing several positions, including the one held by the relator. After such reduction had been accomplished, the commissioner submitted to the board of estimate and apportionment a salary roll, and on the 30th of April, 1902, it passed a resolution fixing the salaries in accordance with the commissioner's estimate, and placing the amount which each employé was to receive opposite his name. The relator's name was not on this list, and on the 2d of May following the commissioner sent to him the following letter:

"Mr. Henry Frank, Clerk—Sir: You are hereby notified that in accordance with the resolution of the Board of Estimate & Apportionment, your position as clerk is hereby abolished and you are, therefore, removed from the service of this department."

While the letter stated that the relator was removed, it is perfectly plain from what took place that this was not the fact—on the contrary, that he was, instead, suspended, in pursuance of section 1543 of the Greater New York charter (Laws 1901, p. 636, c. 466). According to the uncontradicted testimony of the clerk of the civil service commission, on or about the day the letter was written the commissioner certified the relator's name to the commission as one who had been suspended, and his name was thereupon placed upon the preferred eligible list for reinstatement; and five days later he was again given a clerkship in the same department, at a salary of $900 a year, which was subsequently increased to $1,050 per year. The position which was thus given to him was the first vacancy which occurred in the department intermediate his suspension on the 2d of May and the day when he was appointed to his new position.

Upon these facts, we think the court erred in granting a peremptory writ reinstating the relator to his original position. The board of estimate and apportionment had the power to reduce the

expenses of the department of water supply, gas, and electricity; and when it exercised that power the appellant, as commissioner of that department, could do nothing but comply with its order. This he did, and in a manner justified by law. In doing so, he abolished the position which the relator then held. After the position had been abolished, the only right which the relator had was to have his name certified to the civil service commission for reinstatement, in accordance with the provisions of section 1543·of the Greater New York charter, and this is precisely what was done. The fact that the commissioner stated in his notice that the relator had been removed from the service of the department did not make it so, or deprive him of any rights to which he was entitled when his name was certified.

The case is quite similar to People ex rel. Levenson v. Wells, 78 App. Div. 373, 79 N. Y. Supp. 728. We there held that an employé of the city who was deprived of a position which he held under the civil service because it had been in good faith abolished was not thereby removed from the municipal civil service, but was merely suspended without pay, in accordance with the section of the charter above referred to; and we also held in that case that, where the employé was thus suspended, he was not entitled to notice of the abolishment of his position. The notice given to the relator was erroneous, in that it stated he had been removed from the service of the department, but this did no harm. The law looks to substance, and not to form. The better practice undoubtedly would have been as suggested in the Levenson Case, to have notified him he was suspended. The proper notice was given to the civil service commission, which resulted in the relator's being assigned to the first vacancy in the department. All his rights were thus preserved, and he is not entitled to be reinstated in his original position. The peremptory writ directing such reinstatement should not, therefore, have been granted.

It follows that the order should be reversed and the proceeding dismissed with $50 costs and disbursements. All concur.