ORINOCO REALTY Co., INC., Respondent, *v.* MAURICE BANDLER, Appellant.

Statutory construction — landlord and tenant — statute (L. 1920, ch. 136, as amd. by L. 1920, ch. 944) permitting defense in action for rent, that such rent is unjust and unreasonable — such statute not retroactive and such defense cannot be interposed when lease was executed before statute was enacted.

1. It is the general rule that statutes dealing with other matters than those of mere procedure will not be interpreted as retroactive unless such intent of the legislature clearly appears from their terms.

2. When the legislature amends or considers afresh a statute it will be assumed to have knowledge of judicial decisions interpreting the

statute as then existing and if it deals with it in a manner which does not rebut or overthrow the judicial interpretation it will be regarded as having legislated in the light of and as having accepted such interpretation.

3. Chapter 136 of the Laws of 1920 was amended by chapter 944 of the Laws of the same year so as to provide that " it shall be a defense to an action for rent accruing under an agreement for premises in a city of the first class  *  *  *  occupied for dwelling purposes  *  *  *  that such rent is unjust and unreasonable and that the agreement under which the same is sought to be recovered is oppressive;  *  *  *. Where it appears that the rent has been increased over the rent as it existed one year prior to the time of the agreement under which the rent is sought to be recovered, such agreement shall be presumptively unjust, unreasonable and oppressive." *Held,* that this statute is not retroactive; hence plaintiff, who executed a lease before the law was enacted, is not within its provisions and protection, nor is he entitled to defend against the rent reserved on the ground of duress at common law on the ground that he was threatened with eviction unless he executed the lease. (*Levy Leasing Co.* v. *Siegel,* 230 N. Y. 634, followed.)

*Orinoco Realty Co.* v. *Bandler,* 197 App. Div. 963, affirmed.

(Argued January 11, 1922; decided February 28, 1922.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered July 8, 1921, which unanimously affirmed an order of Special Term granting a motion by plaintiff for judgment on the pleadings.

The following question was certified: " Is the first separate and distinct defense contained in the amended answer herein sufficient in law upon the face thereof? "

*I. T. Flatto* for appellant. Defendant cannot be deprived of his statutory defenses that the rent is unjust and unreasonable, and that the agreement under which the same is sought to be recovered is oppressive. (*Matter of Ahlers,* 141 App. Div. 891; *People ex rel. Durham Realty Corp.* v. *LaFetra,* 230 N. Y. 429; 195 App. Div. 280; *People ex rel. Brixton Operating Corp.* v. *LaFetra,* 230 N. Y. 429; 194 App. Div. 521; *Levy Leasing Co., Inc.,*

v. *Siegel*, 230 N. Y. 106; 194 App. Div. 482; *Guttag* v. *Shatzkin*, 230 N. Y. 119; 194 App. Div. 509; 113 Misc. Rep. 362; *Sackheim* v. *Pigueron*, 215 N. Y. 62; *Van Rensselaer* v. *Snyder*, 13 N. Y. 299.)

*Lewis M. Isaacs* for respondent. The lease in suit having been made prior to April 1, 1920, the defense of statutory duress is not available to the defendant. (*78th Street & Broadway Co.* v. *Rosenbaum*, 111 Misc. Rep. 577; *Paterno Mortgage Co.* v. *Katz*, 112 Misc. Rep. 242; 193 App. Div. 897; *Sylvan Mortgage Co.* v. *Stadler*, 115 Misc. Rep. 311; N. Y. L. J., Dec. 17, 1921; *Olin J. Stephens, Inc.,* v. *American Real Estate Co.*, N. Y. L. J., Nov. 30, 1921; *Jacobus* v. *Colgate*, 217 N. Y. 235; *U. P. R. R. Co.* v. *Laramie Stockyards Co.*, 231 U. S. 190; *N. Y. & O. M. R. R. Co.* v. *Van Horn*, 57 N. Y. 473.) A construction of chapters 136 and 944 of the Laws of 1920, giving to them a retrospective operation, would render them unconstitutional under both State and Federal Constitutions. (*M. B. Holding Co.* v. *Feldman*, 269 Fed. Rep. 306.) Defendant has failed to plead facts sufficient to constitute a defense of duress at common law. (*Edgar A. Levy Leasing Co., Inc.,* v. *Siegel*, 230 N. Y. 634; *Sylvan Mortgage Co.* v. *Stadler*, 115 Misc. Rep. 311; N. Y. L. J., Dec. 17, 1921.)

HISCOCK, Ch. J. As far back as June, 1915, plaintiff rented to defendant an apartment for dwelling purposes in the city of New York under a lease which expired September 30, 1918, at an annual rent of $2,400. In December, 1917, a new lease was made whereby the same premises were rented to the same tenant at the same rental for a period of two years expiring September 30, 1920. March 26, 1920, plaintiff made with him a new lease for the premises for the period of three years commencing October 1, 1920, at an annual rent of $5,750 payable in monthly installments with certain

additional payments for electricity.  The defendant continued in possession of said premises after the date fixed for the commencement of the new lease but failed to pay the rent reserved thereunder and the additional charges for electricity and this action was brought to recover judgment for the amount thereof.  He then served an answer in a separate defense whereof he alleged in substance that he had been compelled to execute this last lease by duress resulting from the facts that the plaintiff threatened to lease the premises to another if he did not comply with the proposed terms of the new lease and to eject him and his family therefrom on the expiration of the existing lease and in which case defendant feared that he could not find any other dwelling place; also he set forth facts which he claims bring him within the provisions and protection of chapter 136 of the Laws of 1920 (one of the so-called Housing Laws) which became a law after the lease was executed and which was amended by chapter 944 of the Laws of the same year.

While there seems to be considerable doubt whether defendant originally interpreted his answer as setting forth a defense under this statute and while we now have considerable doubt whether his answer can fairly be construed as so doing, we shall assume for the purposes of this discussion that it does do so if the statute is applicable to this case.  The particular statute referred to is that one which provides amongst other things that " it shall be a defense to an action for rent accruing under an agreement for premises in a city of the first class * * * occupied for dwelling purposes * * * that such rent is unjust and unreasonable and that the agreement under which the same is sought to be recovered is oppressive; " also as amended that " where it appears that the rent has been increased over the rent as it existed one year prior to the time of the agreement under which the rent is sought to be recovered, such agree-

ment shall be presumptively unjust, unreasonable and oppressive."

The attempt of defendant to set forth a defense of duress at common law may be briefly disposed of. This court held in *Levy Leasing Company, Inc.,* v. *Siegel* (230 N. Y. 634) that facts substantially similar to those set forth in the present answer did not constitute such a defense, and we see no occasion to take a different view of the present pleading.

The question whether defendant has brought himself within the provisions and protection of the statutory defense of duress as established by the statute referred. to will be answered by the determination whether the provisions of that statute are retroactive and apply to a lease executed before it took effect, as is the case here. We agree with the courts below that it is not retroactive.

In determining the existence of an emergency which justified the passage of the series of statutes to which belonged the one under consideration, the legislature spoke as of the time when the acts took effect. While it doubtless may be true that housing conditions had not materially changed for a week or a month or several months before the acts took effect and that an emergency may have existed as well before as at the date when the acts took effect, nevertheless the legislature declared and dealt with an emergency then existing. The laws which it adopted were passed to deal with that emergency. They naturally contemplated acts and transactions to occur in the future and unless there is something in this particular statute which indicates that it was intended to apply to leases made before the act was passed, we should not so interpret it. It is the general rule that statutes dealing with other matters than those of mere procedure will not be interpreted as retroactive unless such intent of the legislature clearly appears from their terms (*Jacobus* v. *Colgate,* 217 N. Y. 235; *Union Pacific R. R. Co.* v. *Laramie Stock Yards Co.,* 231 U. S. 190); and

we search the statute under review in vain for any language which fairly indicates the purpose of the legislature to adopt retroactive legislation. There are special reasons why the legislature may have hesitated to do this and why, on the other hand, if it did intend to do it it should have given very clear indication of such purpose.

In the first place, the statutes adopted by the legislature covering this general subject of housing and rent conditions were far reaching in their provisions and their constitutionality could only rest on the basis of the requirements of a great emergency, and the legislature might very well hesitate to add to the opposition on constitutional grounds which it could well foresee would be made to the statutes by attempting to make them apply to agreements adopted a short time or a long time before they went into effect. One illustration may be stated of the radical and unjust results which might be produced by the retroactive application alone of that section of the original and amended statute providing that where rent had been " increased (in the original statute more than twenty-five per centum) over the rent as it existed one year prior to the time of the agreement under which the rent is sought to be recovered, such agreement shall be presumptively unjust, unreasonable and oppressive." If this provision is applicable to one lease executed before the law took effect it is applicable to all of them and we shall have the result that such a lease executed one, three or five years prior to the passage of the act will be handicapped with the serious presumption of illegality if it provides for a reasonable increase in rent over that reserved by a prior lease executed perhaps several years before. It is not to be thought, in the absence of plain declaration, that the legislature intended to effect any such injustice as that or invite any such opposition as would be aroused by it.

In the second place, we know from the statutes of the

entire series and by judicial notice that the great emergency which the legislature was endeavoring to provide for was that which would arise from the refusal thereafter of landlords to renew without the reservation of exorbitant rentals leases from month to month and those expiring at the usual renting time of September 30 or October 1 and as the result of which tenants unless protected would be turned out on the street. We think it is not too much to assume that leases executed before the laws took effect extending beyond the dangerous period were of negligible importance.

Lastly, the legislature is to be charged with knowledge of certain legal principles in framing the statute in question. Of course it is chargeable with knowledge of the law that a statute is not given a retroactive interpretation unless the basis for such interpretation clearly appears in its language. But it is chargeable with more force than usual with appreciation of another principle applicable to legislation. When the legislature amends or considers afresh a statute it will be assumed to have knowledge of judicial decisions interpreting the statute as then existing and if it deals with it in a manner which does not rebut or overthrow the judicial interpretation it will be regarded as having legislated in the light of and as having accepted such interpretation. (*Komada & Co.* v. *U. S.*, 215 U. S. 392; *Cæsar* v. *Bernard,* 156 App. Div. 724, 732; affd., 209 N. Y. 570; *Warner* v. *Jaffray,* 96 N. Y. 248, 253; *Pouch* v. *Prudential Ins. Co.,* 204 N. Y. 281, 288.)

It may be that often knowledge and acquiescence thus assumed are a theory rather than a reality. But in the case of this statute there is a substantial reason for application of the rule. After the passage of the original duress statute in April it was decided by the courts that said statute was not retroactive and did not apply to leases executed before its passage. Knowledge by the legislature of this interpretation is not in this case

1922.]                      Statement of case.                      [233 N. Y. 31]

dependent upon those general sources of information which are assumed to affect the minds of legislators. A copy of extracts from such decisions or of the opinions in connection therewith was actually attached to the report transmitted by the legislative committee on housing conditions to the legislature as a basis for the additional legislation which was adopted in September, so that it is not at all extravagant in this case to believe that the legislature actually did know of the interpretation which was placed upon the April statute. When with this knowledge thus brought to it it amended the statute in other respects but said nothing to indicate an intent to give it a retroactive force the general rule of law becomes unusually cogent and we feel no hesitation in holding that the legislature intended to make this particular chapter applicable to future and not to prior leases.

Therefore, we think that the decision thus far reached by the courts was correct and the order should be affirmed and the question certified to us answered in the negative.

HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Order affirmed.