In the Matter of MAX MARCUS, Respondent, against RAYMOND V. INGERSOLL, as President of the Borough of Brooklyn, et al., Appellants.

(Argued January 23, 1935; decided February 26, 1935.)

*Paul Windels,* Corporation Counsel (*Edmund L. Palmieri, Paxton Blair* and *Thomas W. A. Crowe* of counsel), for appellants. The suspension of the petitioner on the basis of seniority was properly computed on the basis of his original entry into the city service as of December 16, 1924; his prior service with State agencies cannot be added to his subsequent terms of city service with the office of the Borough President. (*Gelson* v. *City of New York,* 237 App. Div. 889; 262 N. Y. 497; *McGovern* v. *City of New York,* 234 N. Y. 377; *Watson* v. *Gugino,* 204 N. Y. 535; *Interborough Rapid Transit Co.* v. *Lavin,* 247 N. Y. 65.) By his resignation on June 18, 1923, the petitioner terminated any previously acquired seniority or right to preference in retention in service predicated upon his appointment to serve under the Public Service Commission on October 25, 1916. (*Koso* v. *Greene,* 260 N. Y. 491; *Matter of Spivak* v. *Delaney,* 240 App. Div. 806; 264 N. Y. 491; *People ex rel. O'Dea* v. *Delaney,* 241 App. Div. 844.)

*Albert De Roode* for respondent. Resignation and return to employment within one year do not vitiate or annul a prior date of original appointment. (*Matter of Knights* v. *Staley,* 118 Misc. Rep. 837; 200 App. Div. 850; *Koso* v. *Greene,* 260 N. Y. 491; *United States* v. *Thornton,* 160 U. S. 654; *Matter of Arnow,* 241 App. Div. 861; *Matter of Weiher* v. *Greene,* 239 App. Div. 652; *Matter of Spivak,* 264 N. Y. 491.) Employment in the local transit agencies for the city of New York paid by the city is city service. (*People ex rel. Bush* v. *Houghton,* 182 N. Y. 301; *People ex rel. Werner* v. *Prendergast,* 206 N. Y. 405; *People ex rel. Ryan* v. *Civil Service Boards,* 41 Hun, 287; 103 N. Y. 657; *Sun Pub. Assn.* v. *Mayor,* 152 N. Y. 257.)

*Per Curiam.* The petitioner in October, 1916, was appointed junior assistant in the office of the Public Service Commission of the First District, New York city. He served under the Public Service Commission and its successor official bodies until June 18, 1923. Then he resigned. On October 8th, 1923, he was appointed a topographical draftsman, Grade C, in the office of the Borough President of Brooklyn. That appointment was provisional. He was definitively appointed to that position on December 16th, 1924. Then he was suspended for lack of work. Such suspensions must be made " in the inverse order of original appointment in the service." (Civil Service Law, § 31; Cons. Laws, ch. 7.) The Municipal Civil Service Commission ruled that the date of the petitioner's original appointment was December 16th, 1924. The courts below have held that the date of the original appointment was October 25th, 1916.

Resignation of his position under the Transit Commission terminated the petitioner's service. True, the rules of the State Civil Service Commission and the rules of the Municipal Civil Service Commission both provide that in certain circumstances a person who has resigned may be reinstated within one year without examination. Reinstatement might then have the effect of wiping out the resignation and renewed service might be traced in unbroken line to original appointment. Here, however, the petitioner was not reinstated in his former position, nor was he transferred to another position of the same grade or in the same service. He was given a provisional office by the city officer pending a new examination. So far as appears, the new appointment, though made within a year after the resignation, was not connected with the previous service and must be regarded as an original appointment, and forms the date from which the petitioner's place in the order of suspension must be determined.

The orders should be reversed and the proceedings dismissed, with costs in this court and in the Appellate Division.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Orders reversed, etc.