In the Matter of JOHN HORN, Respondent, against GEORGE J. GILLESPIE et al., Constituting the Board of Water Supply of the City of New York, et al., Appellants.

334

(Argued April 16, 1935; decided May 21, 1935.)

*Paul Windels,* Corporation Counsel (*Edmund L. Palmieri* and *Paxton Blair* of counsel), for appellants.

*Albert De Roode* for respondent.

O'BRIEN, J. Petitioner served continuously in the Board of Water Supply of the City of New York and in the Public Service Commission for the First District and

the Transit Commission from November 12, 1906, until January 31, 1934, when he was suspended from his position in the Board of Water Supply as a result of a reduction of the force due to lack of work. The date of his original appointment in the city service was fixed by the Municipal Civil Service Commission as August 8, 1923, and he has obtained an order of mandamus directing the Board of Water Supply to reinstate him and directing the Civil Service Commission to correct its records so as to show the date of his original appointment in the service as of November 12, 1906.

On November 12, 1906, he was appointed an axeman in the Board of Water Supply and he continued in that department until January 4, 1914, when he resigned in order to accept an appointment January 5, 1914, as inspector of masonry in the Public Service Commission for the First District. On August 7, 1923, he resigned as engineering inspector in the Transit Commission, successor to the Public Service Commission for the First District, and the next day, August 8, 1923, he received an appointment as assistant engineer in the Board of Water Supply, from which position on January 31, 1934, he was suspended.

In this proceeding is involved the application of section 31 of the Civil Service Law (Cons. Laws, ch. 7). It provides that, when a position in the competitive class is abolished or made unnecessary, the person holding that position is deemed to be suspended without pay, " which suspension shall be made in the inverse order of original appointment in the service," and he shall have his name entered upon a preferred list for the position last held by him or any other position having the same or similar requirements for entrance. Appellants argue that during the interval extending from January 4, 1914, to August 8, 1923, petitioner was engaged in State service, was wholly separated from city service, that when he re-entered employment with the Board of Water Supply he received a new original appointment and that his suspension is

based upon the inverse order of his original appointment in the service. Does his service *ad interim* with the Public Service Commission for the First District and with the Transit Commission constitute such an hiatus in the continuity of his city service within the purview of our decision in *Matter of Marcus* v. *Ingersoll* (266 N. Y. 359) as to render August 8, 1923 the date of his " original appointment in the service " as intended by section 31 of the Civil Service Law? In that case the employee resigned his position and remained out of all government employment nearly four months during which time he was entirely separated from any kind of public service. We held that under these conditions his resignation terminated his service. In the case now before us the petitioner's resignations on January 4, 1914, and August 7, 1923, were filed for the sole purpose of enabling him on the two succeeding days to accept public appointments. His service remained uninterrupted. Unlike Marcus, he evinced no intention to depart from public employment. The analogy between the case at bar and *Matter of Schaefer* v. *Rathmann* (262 N. Y. 492) is very close and the principle more nearly applicable. Schaefer's term of service with the city of Buffalo, as such, was interrupted by employment with the Board of Education of that city which, like the Public Service Commission and the Transit Commission, is not strictly a municipal agency (*Gunnison* v. *Board of Education*, 176 N. Y. 11, 17; *Matter of Wilaka Const. Co.* v. *McAneny*, 265 N. Y. 43, 45), yet we held that his city service had been continuous within the meaning of the Civil Service Law. Although this petitioner served the public continuously for twenty-eight years, eight with the Board of Water Supply, nine with the Public Service Commission for the First District and its successor, the Transit Commission, and again eleven years with the Board of Water Supply, the point is raised that the intervening nine years between his first and second terms with the Board of Water Supply, when his duties attached

to the construction of rapid transit railroads located within and owned by the city, was time spent in State rather than city service. It is true that the Public Service Commission for the First District and the Transit Commission exercised functions pertaining to the State and that their officers have been held not to be city officers (*Matter of McAneny* v. *Board of Estimate, etc.,* 232 N. Y. 377, 390, 391), but their duties were limited to the territory included within the city of New York and the legislative enactments in relation to the raising and disbursement of funds as well as the rights and obligations of their employees have established the status of such employees on a plane different from that of regular employees of the State. City service in its strict sense is of course distinct from State service. For example, time spent by a State employee paid from State funds in administration of the Barge Canal bears no relation to maintenance of a city hall at the expense of a city. However, when an employee's duties are concerned exclusively with a rapid transit system constructed for a city purpose (*Sun Pub. Assn.* v. *Mayor,* 152 N. Y. 257) and owned by a city (*City of New York* v. *Interborough R. T. Co.,* 257 N. Y. 20, 26), when his salary is paid out of the city treasury (Public Service Commissions Law, §§ 14, 107 [Cons. Laws, ch. 48]; Laws of 1907, ch. 429, § 1; Laws of 1916, ch. 572, § 1; Laws of 1919, ch. 520, § 8; Public Service Commission Law, § 14, subd. 2; Laws of 1921, ch. 134, § 19) and he is authorized to join a city pension system and his service is defined as " city service " (Greater N. Y. Charter, Laws of 1901, ch. 466; amd. L. 1923, ch. 142; L. 1930, ch. 660; L. 1933, ch. 490, § 1700, subd. 3), his functions appertain, except in the strictest possible sense, to city service. (Civ. Serv. Law, § 16, as amd. by Laws of 1922, ch. 131; Public Service Law, § 139; Laws of 1934, ch. 844, § 1.)

The order should be affirmed, without costs.

CRANE, Ch. J., LEHMAN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Order affirmed.