In the Matter of JOHN T. MULLANE, Respondent, against JOHN MCKENZIE, as Commissioner of Docks of the City of New York, et al., Respondents.

WILLIAM A. CARROLL, Appellant.

In the Matter of WILLIAM A. CARROLL, Appellant, against JOHN MCKENZIE, as Commissioner of Docks of the City of New York, et al., Respondents.

(Argued April 20, 1936; decided May 19, 1936.)

*Albert de Roode* for appellant.

174

*John B. Doyle* for John T. Mullane, respondent.

*Paul Windels, Corporation Counsel (Arthur Bainbridge Hoff, Jr.,* and *Paxton Blair* of counsel), for John McKenzie, as Commissioner of Docks of the City of New York, et al., respondents.

O'BRIEN, J. On November 8, 1929, John T. Mullane and William A. Carroll were appointed dockmasters, a position in the competitive class, in the department of docks of the city of New York. On May 1, 1934, one of the positions of dockmaster was abolished. Carroll was retained but Mullane was suspended without pay. Section 31 of the Civil Service Law (Cons. Laws, ch. 7) provides that a person, holding a position in the competitive class, whose position is abolished without misconduct on his part shall be deemed to be suspended without pay, " which suspension shall be made in the

inverse order of original appointment in the service." The question is whether, within the reasonable interpretation of this statute, Mullane's "original appointment in the service" antedates that of Carroll.

Mullane entered the classified service in the competitive class May 1, 1927, and from that date served continuously in positions subject to competitive examination until he was suspended May 1, 1934. Carroll entered the competitive class nearly ten years earlier as an auto truck driver. On January 1, 1926, he was appointed private secretary to the President of the Board of Aldermen. This position is in the unclassified service wholly exempt from competitive examination. For nearly four years, performing duties which bore no relation to his previous employment, he remained out of the competitive class and the classified service but re-entered it on November 8, 1929. The courts have decided that, within the meaning of section 31 of the Civil Service Law, November 8, 1929, must be deemed the date of Carroll's original appointment in the service and that it is, therefore, subsequent to Mullane's.

The facts in this case are not controlled by any previous decision of this court. They are unlike those in *Matter of Marcus* v. *Ingersoll* (266 N. Y. 359), where the employee completely severed his connection with every kind of public service. They are equally dissimilar from the facts in *Matter of Horn* v. *Gillespie* (267 N. Y. 333), wherein that petitioner, always in the competitive class, continuously performed services of the same general character. Here the opposite is true. Carroll relinquished his position and entered the unclassified service as a legislative employee (*Matter of McEneny* v. *McKee*, 262 N. Y. 494), where the duties of his position were of a character entirely different from those of the position which he had seen fit to abandon. The test of continuity of service must depend upon the answer to the question whether the service in different positions may be deemed to be of the

same general nature and character. (*Matter of Schaefer* v. *Rathmann*, 237 App. Div. 491; 262 N. Y. 492.)

The orders should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Orders affirmed.