In the Matter of the Application of JULIAN K. CANFIELD, Respondent, for an Order of Mandamus against FREDERICK STUART GREENE, Superintendent of Public Works of the State of New York, WILLIAM GORHAM RICE and Others, Civil Service Commissioners of the State of New York, and MORRIS S. TREMAINE, Comptroller of the State of New York, Appellants.

Third Department, March 3, 1937.

*John J. Bennett, Jr., Attorney-General* [*Patrick H. Clune, Assistant Attorney-General,* of counsel], for the appellants.

*Joseph Greenberg,* for the respondent.

BLISS, J.   Section 31 of the Civil Service Law provides that any person, while holding a position in the competitive class under the Civil Service Law or Rules, whose position is abolished or made unnecessary, through no delinquency or misconduct on his part shall be deemed to be suspended without pay, which suspension shall be made in the inverse order of original appointment in the service, and shall have his name entered upon a preferred list for the position last held by him or any other position having the same or similar requirements for entrance.

The petitioner, Julian K. Canfield, on June 30, 1934, was suspended because of lack of funds from the position of junior architect which he then held in the Division of Architecture, Department of Public Works of the State of New York.   At the same time another junior architect named Edward Friedlander was retained in the State service.   Canfield had been appointed to the position on January 7, 1931, while Friedlander had received his appointment on January 9, 1928.   The petitioner claims that his original appointment in the service antedated that of Friedlander and that he should not have been suspended while Friedlander was retained in the service.   He bases his claim on the fact that from February 1, 1926, to June 1, 1929, he held the position of draftsman in the board of transportation of the city of New York after having taken a competitive civil service examination for the same and that he was suspended along with 250 others on June 1, 1929, because of lack of funds.   These facts are not in dispute.   Petitioner also alleges in his petition that upon his suspension on June 1, 1929, by virtue of the provisions of section 22 of the Civil Service

Law, as an honorably-discharged veteran of the United States, he was not discharged but went on a preferred " perpetual list " for reinstatement or re-employment provided for in that section. The appellants deny this allegation " at least as far as civil service of and for the State is concerned." Petitioner also alleges and appellants deny that petitioner's service in the civil service in the city and State has been a continuous one since February 1, 1926.

We are thus presented with the question whether the date of petitioner's " original appointment in the service," in so far as it relates to the position he was occupying in the State service at the time of his suspension, was January 7, 1931, or February 1, 1926. It is to be noted that the first sentence of section 31 of the Civil Service Law speaks of separation " from the service " and that suspension shall be made in the inverse order of original appointment " in the service." The Civil Service Law makes a clear distinction between State service and city service. Section 2 of the law speaks of civil service of the State of New York or any of its civil divisions or cities and defines it as including all offices and positions of trust or employment in the service of the State or of such civil division or city except certain military offices and positions. Subdivision 4 of this section defines " State service " as including all " such offices and positions in the service of the State or of any of its civil divisions except a city." Subdivision 5 of the same section defines city service as including " such positions in the service of any city." This distinction is also recognized by the statute in other respects. It provides for a State Civil Service Commission (§ 3), and a municipal civil service commission for each city (§ 11). The civil service of the State and of each of its civil divisions and cities is divided into the classified service and the unclassified service (§ 9). The State Commission is authorized to make rules for the classification of offices, places and employments in the classified service of the State and also rules for the classification of the offices, places and employments in certain civil divisions of the State except cities (§ 10). Likewise the municipal commission of the city may make rules and regulations for the service of the city.

The board of transportation of the city of New York is a municipal and not a State agency and petitioner's service with it was city service and not State service. It was established by chapter 573 of the Laws of 1924 which became part of the Public Service Law (§ 130). The members are appointed by the mayor of the city and must be residents of the city. It succeeded the transit commission. Employees who served under the transit commission

became eligible to have their records of service transferred to the municipal civil service commission to be credited as service rendered for the city of New York and became eligible for transfer and appointment without examination to positions in the board of transportation. (Public Service Law, § 139.) This clearly indicates a change of status from State service to city service and recognizes the separation between the two classes of service.

Section 31 of the Civil Service Law has been discussed by the courts in several cases. Mr. Presiding Justice SEARS in writing for the Appellate Division, Fourth Department, in *Matter of Schaefer* v. *Rathmann* (237 App. Div. 491; affd., without opinion, 262 N. Y. 492), speaking of the word "service," as used in the first sentence of section 31, says: "The meaning of the word ' service ' in the quoted sentence is by no means free from doubt. An interpretation of it which would make it include any position in the competitive class of the civil service of the State and its civil divisions, including its cities, without reference to the position the [employee] finally occupied, would not bring about results apparently contemplated by the legislators in enacting the statute."

In the *Schaefer* case it was held that all of the employee's service had been in the civil service of the city of Buffalo. The employee had held two positions in the city service with an intervening position under the board of education of the city of Buffalo and the Appellate Division held that such employment by the board of education was in effect in city service.

In *Matter of Horn* v. *Gillespie* (267 N. Y. 333) the petitioner Horn had served the public continuously for twenty-eight years, eight with the board of water supply of the city of New York, nine with the Public Service Commission, First District, and its successor, the transit commission, and then eleven years with the board of water supply. The point was whether the nine intervening years between his first and second terms with the board of water supply had been spent in State rather than city service so as to fix the date of his original appointment as of the beginning of his second term with the board of water supply instead of the beginning of his first term with such board. The Court of Appeals held that his service with the Public Service Commission, First District, and its successor, the transit commission, was of such a nature as to constitute city service. His duties were concerned exclusively with the city rapid transit system owned by the city and con-·structed for a city purpose. His salary was paid out of the city treasury, he was authorized to join a city pension system and his service was defined as " city service " by the Greater New York

Charter. The court held that the proper date of original appointment was the beginning of his first term of employment with the board of water supply and that he had been continuously in city service.

The learned Special Term relied to some extent on *Matter of Marcus* v. *Ingersoll*, as reported in the New York Law Journal of June 9, 1934, p. 2812. After the decision of the Special Term in the case at bar that case was affirmed by the Appellate Division, Second Department (243 App. Div. 560), but was reversed by the Court of Appeals (266 N. Y. 359). Marcus, the employee, had served the Public Service Commission, First District, and its successor bodies from October, 1916, to June, 1923, when he resigned. From October, 1923, to December 16, 1924, he held a provisional appointment in the office of the borough president of Brooklyn on which latter date he was permanently appointed to such position. Then he was suspended for lack of work. The rules of the State and municipal civil service commissions provided that in certain instances a person who had resigned might be reinstated within one year without examination. The city civil service commission ruled that the date of petitioner's original appointment was December 16, 1924, while the Special Term and the Appellate Division held October 25, 1916, to be the date of original appointment in the service. The Court of Appeals held that while reinstatement might have the effect of wiping out a resignation and the renewed service might be traced in unbroken line to original appointment, the petitioner was not reinstated, nor was he transferred. The new appointment, made within a year after resignation, was not connected with the previous service and was held to be an original appointment and formed the date from which the petitioner's place in the order of suspension was determined.

Petitioner here, when appointed in the State service on January 7, 1931, received such appointment as the result of having passed a competitive examination conducted by the Civil Service Commission of the State and not because he was then on a preferred list for reappointment in the service of the city of New York. His being on such city preferred list gave him no right to appointment in the State service.

Such a distinction is made by the Civil Service Law between State service and city service and the decisions construing it as to lead to the conclusion that by the word " service " section 31 refers to either State service or city service but not to both State service and city service. When the statute speaks of the date of original appointment in the service it means the date of the

original appointment in the service in which the employee is engaged at the time of his suspension. An employee claiming rights thereunder is limited to the class of service, either State or city, in which he is then engaged and the two classes of service are not interchangeable at will. The fact that there are separate sets of examinations for State and city service as well as separate commissions in control thereof further sustains this construction. A preference for reappointment in the State service does not give a right to a similar preference in the city service. A preference to reappointment to a position in the city service gives no similar preference in the State service. To give the word " service " the construction intended by the petitioner would also mean that when an employee was suspended from a position in the civil service of one city in the State because of lack of funds he might, in determining the date of his original appointment in the service, claim credit for service in another city of the State. There has not been established, thus far at least, a general single class of unified civil service throughout the entire State and all of the cities in the State.

We have also an hiatus between petitioner's service with the board of transportation of the city of New York and the beginning of his service in the Division of Architecture of the State. Had these two terms of service both been State service, even though his last appointment was made as the result of a new examination and not because of the preference accorded him upon his suspension from his first position, his claim that the date of appointment to his first term of service was the date of original appointment would be stronger. But such is not the case. The two classes of service in which he was employed, first the city service and then the State service, are so different in nature and treated so differently under the statute that petitioner may not now claim as his date of original appointment in the service the date of his appointment into the city service.

The order of the Special Term should be reversed, with fifty dollars costs, and the petition dismissed, with fifty dollars costs.

McNamee, Crapser and Heffernan, JJ., concur; Hill, P. J., dissents, with an opinion.

Hill, P. J. (dissenting). Petitioner on February 1, 1926, received a civil service appointment as draftsman in the department known as the board of transportation (Public Service Law, §§ 130, 134). He was laid off through no fault of his own on June 1, 1929. On January 7, 1931, he received an appointment as a junior drafts-

man in the Department of Public Works, Division of Architecture. On June 30, 1934, he was suspended because of lack of funds in the department and Friedlander, who petitioner asserts entered the employment at a later date than himself, was retained. Friedlander's first position under civil service was as junior draftsman in the Division of Architecture, to which he was appointed on January 9, 1928. As removals are required to be made in the inverse order of original appointment, Friedlander should have been removed in the event work for the board of transportation is work for the State, and unless petitioner's enforced lay-off on June 1, 1929, severed his connection with State employment. It has been decided that the work performed by the employees of the board of transportation is so closely identified with the city of New York that time spent in its service counts the same as service for the city in determining priority in city employment. (*Matter of Horn* v. *Gillespie*, 267 N. Y. 333.) Does the *Horn* decision require that credit not be given for work under the board of transportation in determining State priority? The officers and employees of the board of transportation are not city officers but State officers. (*Matter of McAneny* v. *Board of Estimate, etc.*, 232 N. Y. 377.) While city service is distinct from State service, the compartments are not water tight. (*Matter of Schaefer* v. *Rathmann*, 237 App. Div. 491; affd., 262 N. Y. 492.) I see nothing in the *Horn* decision which requires a determination that this petitioner has lost the benefit of the time during which he worked as a State employee for the board of transportation. Petitioner did not resign, or voluntarily give up his employment on June 1, 1929, and he was not separated from State service. From that date until January 6, 1931, he was on a preferred list awaiting appointment or reinstatement and, while during that time he was without work and without pay, he kept his status as a civil service employee. (Civil Service Law, § 31; *People ex rel. Frank* v. *Monroe*, 99 App. Div. 290; *People ex rel. Levenson* v. *Wells*, 78 id. 373.)

I favor affirmance.

Order reversed on the law, with fifty dollars costs and disbursements, and petition dismissed, with fifty dollars costs.