In the Matter of AGNES L. EAGAN, Respondent, against
PAUL LIVOTI, as Clerk of the County of Queens, et al.,
Appellants.

Argued January 8, 1942; decided March 5, 1942.

*Mordecai Konowitz* for Paul Livoti, as Clerk of Queens County, appellant. Petitioner was not entitled to be credited with her prior employment in the State Department of Taxation and Finance. (*Matter of Canfield* v. *Greene,* 250 App. Div. 181; *Chittenden* v. *Wurster,* 152 N. Y. 345; *People* v. *Dilliard,* 252 App. Div. 125; *Matter of Stehle* v. *McGoldrick,* 259 App. Div. 874; 285 N. Y. 543; *Matter of McCaffrey* v. *Howland,* 241 App. Div. 624; 272 N. Y. 490; *Matter of Miller* v. *State,* 279 N. Y. 74; *Matter of Coll* v. *Reavy,* 173 Misc. Rep. 338; *Matter of Nagelberg* v. *Finegan,* 267 N. Y. 632; *Orinoco Realty Co.* v. *Bandler,* 233 N. Y. 24; *Matter of Schaefer* v. *Rathmann,* 237 App. Div. 491; 262 N. Y. 492; *Matter of Kornbluth* v. *Reavy,* 261 App. Div. 60; *People ex rel. Perrine* v. *Connolly,* 217 N. Y. 570.)

*William C. Chanler*, Corporation Counsel (*Stanley Buchsbaum* and *George G. Gallantz* of counsel), for Joseph D. McGoldrick, as Comptroller of the City of New York, appellant. Seniority under section 31 of the Civil Service Law (Cons. Laws, ch. 7) is to be computed on the basis of the date of original appointment in the service. Civil service positions in this state fall into one of three categories: state service, city service and service in other civil divisions of the state. Therefore, the petitioner's state service cannot be considered in determining the date of her original appointment to the service of a civil division of the state, namely, the county of Queens. (*Matter of Canfield* v. *Greene*, 250 App. Div. 181; *Matter of Schaefer* v. *Rathmann*, 237 App. Div. 491; 262 N. Y. 492; *Matter of Horn* v. *Gillespie*, 267 N. Y. 333; *Matter of Dieter* v. *Ryan*, 267 N. Y. 594; *Matter of Miller* v. *State of New York*, 279 N. Y. 74; *Matter of Stehle* v. *McGoldrick*, 259 App. Div. 874; 285 N. Y. 543; *Matter of Coll* v. *Reavy*, 173 Misc. Rep. 338; *Matter of Kornbluth* v. *Reavy*, 261 App. Div. 60; *People ex rel. Perrine* v. *Connolly*, 217 N. Y. 570.)

*Abraham J. Feitelberg* for respondent. Petitioner's employment, commencing on May 17, 1926, in the service of the state, had continued unbroken and uninterrupted to April 9, 1938, in the same division of the civil service and in positions of the same general nature and character. On April 9, 1938, the date of her original appointment in the service pursuant to section 31 of the Civil Service Law was May 17, 1926. (*Koso* v. *Greene*, 260 N. Y. 491; *Matter of Skrocki* v. *Greene*, 242 App. Div. 226; *Matter of Mullane* v. *McKenzie*, 271 N. Y. 172; *Matter of Canfield* v. *Greene*, 250 App. Div. 181; *McCaffrey* v. *Howland*, 241 App. Div. 624.) The amendment to section 2 of the Civil Service Law effective April 9, 1938, removing employment by a civil division of the state from state service did not affect the petitioner's seniority status as it existed prior to that date. (*People ex rel. Lazenby* v. *Municipal Civil Service Comm.*, 116 App. Div. 135; 188 N. Y. 588; *Jacobus* v. *Colgate*, 217 N. Y. 235; *Orinoco Realty Co.* v. *Bandler*, 233 N. Y. 24; *People* v. *Dilliard*, 252 App. Div. 125.)

Lewis, J. In a proceeding under article 78 of the Civil Practice Act the question is presented whether, in determining the seniority right of a *county* employee under section 31 of the Civil Service Law (Cons. Laws, ch. 7), a period of prior service in *state* employment may be added to a subsequent period of *county* employment.

The petitioner was appointed to the position of graphotype operator in the Motor Vehicle Bureau of the State Department of Taxation and Finance on May 17, 1926. In June, 1928, she was appointed to the position of file clerk in the same state bureau. On October 1, 1929, she left her *state* employment and for the first time entered *county* employment, taking the position of messenger and clerk, grade 3, in the office of the Clerk of the County of Queens. The title of the position last mentioned was later changed to general clerk, grade 4. On December 31, 1939, the Board of Estimate of the City of New York, because of a statutory curtailment of functions assigned to the Clerk of Queens County, abolished certain positions in that office, including the positions of five general clerks, grade 4. The petitioner, who was one of the five persons holding positions thus abolished, was suspended in accord with section 31 of the Civil Service Law, which provides: " Any person who while holding a position in the competitive class under the civil service law or rules, has been separated from the service through the abolition of a department, office or institution, or any section, bureau or division thereof, or through the consolidation of two or more departments, divisions, offices or bureaus, or whose position is abolished or made unnecessary, through no delinquency or misconduct on his part shall be deemed to be suspended without pay, *which suspension shall be made in the inverse order of original appointment in the service,* and shall have his name entered upon a preferred list for the position last held by him or any other position having the same or similar requirements for entrance * * *." (Emphasis supplied.)

At the time of the abolition of the five positions of general clerk, grade 4, and the consequent suspension of the petitioner, two of the incumbents of the abolished positions, Minnie Daly and Americo Serra, were retained in service. They had been appointed to positions in the office of the Clerk of Queens County in August, 1927, and May, 1928, respectively — dates earlier than the petitioner's original appointment to county employment in that office in October, 1929. However, their original appointments in *county* employment were subsequent to the date of petitioner's original appointment to a *state* position in May, 1926.

Upon these facts the petitioner contends that, in determining her seniority under section 31 of the Civil Service Law, her rights were prejudiced by the fact that the period of her prior *state* employment was not added to her subsequent *county* employment — thereby depriving her of the right she now claims, viz., her retention in service in place of Minnie Daly or Americo Serra, either of whom had longer service for the county of Queens than the petitioner but shorter total service, if the petitioner's prior *state* employment and her subsequent service for the county of Queens are combined.

The order of the Appellate Division reversed the order of Special Term dismissing the petition herein, and directed the reinstatement of the petitioner to the position of general clerk, grade 4, in the office of the Clerk of the County of Queens as of December 31, 1939, and payment of her salary from that date to the date of reinstatement.

In reaching the conclusion that the order before us is erroneous, we have examined the record in the light of the settled rule that " The Civil Service Law does not create vested rights, preserved by the Constitution against legislative interference, in those who obtain positions under it." (*People ex rel. Perrine* v. *Connolly,* 217 N. Y. 570, 576.) As no person has a vested interest in any rule of law or legislative policy which entitles him to have it remain unaltered for his benefit (*Preston Co.* v. *Funkhouser,* 261 N. Y. 140, 144; *New York Central R. R. Co.* v. *White,* 243

U. S. 188, 198; *Chicago & Alton R. R. Co.* v. *Tranbarger*, 238 U. S. 67, 76), so in the present case the petitioner's right to tenure in civil service has been altered in the course of years by statutory changes which the Legislature, as an arbiter of public policy, chose to make. By the adoption of section 6 of article V of the State Constitution the merit system as applied to civil service became a fundamental principle of the government of this state. The brief constitutional provision closes with the sentence, " Laws shall be made to provide for the enforcement of this section." To that end the Legislature, in extending the benefits of the Civil Service Law to employees of the state, cities and civil subdivisions has not established throughout the state a general, single class of unified civil service. For reasons which relate to matters of administration it has separated the various types of service according to the field of employment.

At the time the petitioner entered civil service in 1926, the Civil Service Law provided for a division of civil employment within the state into two services. " State service " then included " all such offices and positions in the service of the state or of any of its civil divisions except a city;" " city service " included " such positions in the service of any city." (L. 1899, ch. 370, § 2, subds. 4 and 5.) In her position in the State Department of Taxation and Finance the petitioner's salary was paid from state funds and her employment was in a department which functioned throughout the state. Clearly she was then in " state service." (Civil Service Law, § 2, subd. 4.) In 1938, however, the Civil Service Law was amended (L. 1938, ch. 603) by providing for the division of civil employment within the state into three services instead of two which formerly existed. The amendment provided in part.:

" 4. The ' state service ' shall include all such offices and positions in the service of the state.

" 5. The ' city service ' shall include such positions in the service of any city.

"6. The service of a 'civil division' shall include all such offices and positions in any other subdivision of the state."

The petitioner was not suspended until December 31, 1939, subsequent to the date (April 9, 1938) when chapter 603 of the Laws of 1938 became effective. On the date of her suspension and since October 1, 1929, the petitioner was employed in the Clerk's office of the County of Queens. Her salary was paid from county funds. Her duties were those connected with county affairs. We think it clear that she was an employee of the County of Queens. Accordingly, under the statute effective on the date of her suspension the " service " in which the petitioner was employed was not " state service," nor was it " city service "— she was in a service separately designated by statute as " the service of a 'civil division' * * * of the state." (Civil Service Law, § 2, subds. 4, 5, 6.) Her employment from May 17, 1926, until October 1, 1929, in " state service " gave her no vested rights connected with her civil service status which survived the Legislature's change in policy as declared by chapter 603 of the Laws of 1938. (*People ex rel. Perrine* v. *Connolly, supra,* p. 576.)

The petitioner's seniority right under section 31 may not be established by adding together the periods of her state and county employment — two divisions of civil service having features so distinctive that the Legislature chose to separate them as a matter of public policy. (L. 1938, ch. 603; *Matter of Stehle* v. *McGoldrick,* 285 N. Y. 543. See, also, *Matter of Schaefer* v. *Rathmann,* 237 App. Div. 491, 493, 495; affd., 262 N. Y. 492; *Matter of Horn* v. *Gillespie,* 267 N. Y. 333, 336, 338; *Matter of Canfield* v. *Greene,* 250 App. Div. 181, 183–186.)

In the administration of section 31, which requires that suspension of an employee, such as the petitioner, whose position has been abolished, " * * * shall be made in the inverse order of original appointment in the service," the employee's right of seniority depends upon the date of the original appointment in the particular service, defined by the Civil Service Law (§ 2, subds. 4, 5, 6, as amd. by L. 1938, ch. 603), in which the employee is engaged at the time of such suspension.

In construing the word " service " as employed in the statutory sentence last quoted above, Presiding Justice Sears, later a member of this court, stated: " An interpretation of it [the word ' service '] which would make it include any position in the competitive class of the civil service of the state and its civil divisions, including its cities, without reference to the position the employee finally occupied, would not bring about results apparently contemplated by the legislators in enacting the statute." (*Matter of Schaefer* v. *Rathmann, supra*, p. 493.)

In the proceeding before us the employment in which the petitioner was engaged on the date of her suspension was for the county of Queens. That employment was in " the service of a ' civil division.' " In determining her right of seniority under section 31 of the Civil Serivice Law she may not add to the term of her employment in the office of the Clerk of Queens County, the period of state employment previously served by her which the Legislature has expressly designated as a separate " state service." The petitioner's original appointment on October 1, 1929, to a position in the office of the Clerk of Queens County was subsequent to the original appointment of either of the two employees who were retained in that employment after December 31, 1939, and whose place is now demanded by the petitioner. It follows that the petitioner's suspension was made " * * * in the inverse order of original appointment in the service " in accord with the requirements of section 31 of the Civil Service Law.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, without costs.

Conway, J. (dissenting). Section 31 of the Civil Service Law has been quoted and in part italicized, *supra*. For our purpose it is necessary to consider only the portion italicized, reading " which suspension shall be made in the inverse order of original appointment in the service." The " service " was the civil service, competitive class. When the petitioner entered it there were two divisions, defined in subdivisions 4 and 5 of section 2 of the Civil Service Law as follows:

" 4. The ' state service ' shall include all such offices and positions in the service of the state or of any of its civil divisions except a city.

" 5. The ' city service ' shall include such positions in the service of any city."

The following table shows the dates of appointment of and work rendered by the three persons involved:

| Employee | Date of Employment | Position |
| --- | --- | --- |
| Agnes Eagan | May 17, 1926 (original) | Graphotype Operator, State Dept. Taxation & Finance, Motor Vehicle Bureau |
| Agnes Eagan | June 28, 1928 (promotion) | File Clerk Same Bureau |
| Agnes Eagan | October 1, 1929 (transfer) | Messenger and Clerk in office of Clerk of County of Queens |
| Minnie Daly | August 16, 1927 (original) | Clerk in office of Clerk of County of Queens |
| Americo Serra | May 19, 1928 (original) | Clerk in office of Clerk of County of Queens. |

Thus down to April 9, 1938, petitioner had approximately twelve years of " state service;" Minnie Daly approximately eleven years and Americo Serra approximately ten years.

Clearly had there been any necessary suspension prior to that date the petitioner would have been the last of the three to be suspended or the first to be restored to service.

The petitioner had so acted up to that time that all her service was " state service." So was the service of Daly and Serra. The petitioner had undoubtedly been led to believe by the statute then in force that she was losing no rights by the transfer which she had made and in that it is conceded that she was correct. She had entered a service, our civil service, which offered security and incentive to

advancement whether by promotion or transfer and she had been promoted and transferred in " state service " under legislative enactments.

In 1938 the Legislature (L. 1938, ch. 603) amended section 2 of the Civil Service Law, effective April 9, 1938, by making three instead of two classes in the civil service as follows:

" 4. The ' state service ' shall include all such offices and positions in the service of the state.

" 5. The ' city service ' shall include such positions in the service of any city.

" 6. The service of a 'civil division ' shall include all such offices and positions in any other subdivision of the state."

It will be noted that the Legislature used the word " shall " in each of those subdivisions. No provision of the act (Ch. 603, *supra*) made any provision for retrospective effect and it is well settled that unless a statute provides clearly and expressly for a retroactive application the statute will be construed as prospective only. (*Jacobus* v. *Colgate*, [CARDOZO, J.] 217 N. Y. 235, 240; *Orinoco Realty Co.* v. *Bandler*, [HISCOCK, Ch. J.] 233 N. Y. 24.) In *Jacobus* v. *Colgate*, *supra*) we said: " The general rule is that statutes are to be construed as prospective only (27 Halsbury's Laws of England, p. 159). It takes a clear expression of the legislative purpose to justify a retroactive application (*Isola* v. *Weber*, 147 N. Y. 329; *O'Reilly* v. *Utah*, *N. & C. Stage Co.*, 87 Hun, 406, 412; *Matter of Protestant Episcopal Pub. School*, 58 Barb. 161; *United States* v. *Heth*, 3 Cranch, 399, 413.) "

In *Orinoco Realty Co.* v. *Bandler* (*supra*) we said: " It is the general rule that statutes dealing *with other matters than those of mere procedure* will not be interpreted as retroactive unless such intent of the legislature clearly appears from their terms (*Jacobus* v. *Colgate*, 217 N. Y. 235; *Union Pacific R. R. Co.* v. *Laramie Stock Yards Co.*, 231 U. S. 190); and we search the statute under review in vain for any language which fairly indicates the purpose of the

legislature to adopt retroactive legislation. There are special reasons why the legislature may have hesitated to do this and why, on the other hand, if it did intend to do it it should have given very clear indication of such purpose " (pp. 28, 29). (Italics supplied.)

The rule is well stated in Endlich on the Interpretation of Statutes as follows, at page 367: " It is chiefly where the enactment would prejudically affect vested rights, or the legal character of past transactions, that the rule in question prevails. Every statute, it has been said, which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, or imposes a new duty, *or attaches a new disability in respect of transactions or considerations already past,* must be presumed, *out of respect to the legislature,* to be intended not to have a retrospective operation."

This, of course, should especially be the case where a continuance in a civil service position depends upon seniority status. In the absence of an expression of legislative intent we should not say that the Legislature intended that in a reclassification of the civil services the statute should be applied retroactively with the result that whatever hardship is produced shall necessarily fall on the older in the service and thus upon those least able to bear it.

Yet that is what we are doing. Turning again to the table, *supra,* we are holding that the service of petitioner from October 1, 1929, was not " state service," although the applicable statute said it was. We are going back into the " state service " of petitioner for a period of nearly nine years to say that it was " civil division " service although that service was not separately created as a division of service until April 9, 1938. If the Legislature intended such a concededly unfortunate result, it would have said so clearly and expressly.

We must distinguish between " employment " and " service." We made that clear in *Matter of Miller* v. *State* (RIPPEY, J.) (279 N. Y. 74 at p. 79), when we said: " The term ' state service ' as variously used in the State

Civil Service Law covers all employees rendering public service, whether they are in the employ of the State or whether they are in the employ of some one of the civil divisions of the State, other than cities. It was not intended to cover and does not embrace within its meaning the employees of the State alone."

The order of the Appellate Division should be affirmed with costs.

LEHMAN, Ch. J., LOUGHRAN, FINCH and DESMOND, JJ., concur with LEWIS, J.; CONWAY, J., dissents in opinion in which RIPPEY, J., concurs.

Ordered accordingly.