In the Matter of LEON GAWURIN, Appellant, against BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent.— Proceeding under article 78 of the Civil Practice Act to review an order of the Department of Education and the Board of Regents, dated October 19, 1943, which revoked petitioner's license to practice pharmacy. The order accepted and sustained the determination of the State Board of Pharmacy that petitioner was convicted on July 9, 1942, in the United States District Court of the Southern District of New York of violating sections 2554 and 2606 of the Internal Revenue Code (U. S. Code, tit. 26), and that by reason of the nature of the acts charged in the indictment which amounted to crimes of felony grade of which he was so convicted, and his said conviction thereof, petitioner became unfit and incompetent to practice pharmacy. There was ample evidence to sustain the determination upon which the order under review was based. Order confirmed, without costs. All concur. [See 268 App. Div. 805.]

In the Matter of JOHN A. BACOM et al., Respondents, against J. EDWARD CONWAY et al., Constituting the State Civil Service Commission, et al., Appellants, and FRANK GERNERT et al., Interveners, Appellants.— Appeal from an order made in a proceeding under article 78 of the Civil Practice Act which determined that the petitioners Bacom and four others have a prior right to retain their positions, as motor vehicle license examiners in the State Department of Taxation and Finance, over the interveners Gernert and others. The interveners entered the public service at an earlier date than the petitioners but they were connected with the Transit Commission (Metropolitan Division of the New York State Department of Public Service) and were transferred and appointed to the positions in the State Department of Taxation and Finance at a later date than the petitioners Bacom and others. It was necessary that some be suspended. The statute requires that the suspensions be made in the inverse order of original appointment in the State service (Civil Service Law, § 31). This court decided the identical question here presented in *Matter of Canfield* v. *Greene* (250 App. Div. 181). That case in principle followed *Matter of Horn* v. *Gillespie* (267 N. Y. 333). Order affirmed, with fifty dollars costs. All concur. [181 Misc. 599.] [See 268 App. Div. 836.]