In the Matter of ORGANIZATION OF NEW YORK STATE MANAGE-MENT/CONFIDENTIAL EMPLOYEES, INC., et al., Appellants, v C. MARK LAWTON, as Director of the Division of the Budget, et al., Respondents.

Third Department, January 24, 1985

**APPEARANCES OF COUNSEL**

*Hinman, Straub, Pigors & Manning P. C.* (*William F. Shee-han* of counsel), for appellants.

*Robert Abrams, Attorney-General* (*John Q. Driscoll* and *William J. Kogan* of counsel), for respondents.

**OPINION OF THE COURT**

CASEY, J.

Petitioners' challenge to the validity of the 12 appointments to permanent positions as Deputy Chief Budget Examiner is based upon claims that the statute relied upon by respondents does not authorize the appointments, that the appointments violate section 6 of article V of the State Constitution and that minimum eligibility qualifications set by respondents were unlawful and/ or irrational. We reject these claims and, therefore, affirm Special Term's judgment dismissing the petition.

■ The 12 appointments at issue involved promoting the individual respondents from their permanent positions as Assistant Chief Budget Examiner to Deputy Chief Budget Examiner. Based upon its interpretation of subdivision 7 of section 52 of the Civil Service Law, respondent Department of Civil Service determined that since the number of eligible persons (14) did not exceed the number of vacant positions (12) by more than two, a competitive examination was not required. Subdivision 7 of section 52 of the Civil Service Law provides, in relevant part, that: "Whenever there are no more than three persons eligible for examination for promotion to a vacant competitive class position * * * the appointing officer may nominate one of such persons". Petitioners contend that on its face the statute clearly applies only where there is one vacancy and, therefore, cannot be used here to make appointments to 12 vacancies. The absence of facial ambiguity in a statute, however, is rarely, if ever, conclusive (*Zappone v Home Ins. Co.,* 55 NY2d 131, 137). We view this as a case involving the construction of a statute by an agency responsible for its administration, which will be upheld unless irrational or unreasonable (*Matter of Howard v Wyman,* 28 NY2d 434, 438). Respondents point out in their brief that the

construction adopted by the department is consistent with the statutory "one out of three" rule (Civil Service Law, § 61, subd 1). Where an eligible list established by competitive examination contains only two more persons than the number of vacancies in the position for which the list has been established, the effect of this rule is to allow appointment or promotion of all but two of the persons on the list irrespective of the rankings provided by the list, since each vacancy can be filled by any one of the three highest ranked persons on the list (Civil Service Law, § 61, subd 1). Accordingly, in such circumstances, a competitive examination would serve no practical purpose and, therefore, the department's construction of subdivision 7 of section 52 as authorizing noncompetitive appointments in such circumstances has a rational basis.

Petitioners also claim that subdivision 7 of section 52 of the Civil Service Law cannot be used here because the actual number of vacancies was 9, not 12. This claim is based upon petitioners' comparison of the job description of the position of Deputy Chief Budget Examiner with an organizational chart of the Division of the Budget. The record, however, establishes the existence of 12 Deputy Chief Budget Examiner positions or "items", each with its own payroll "line number", and that the 12 individual respondents were appointed to those positions.

■ Petitioners' constitutional challenge is based upon the theory that the promotional scheme resulting in the 12 appointments at issue effectively insulates the competitive class position of Deputy Chief Budget Examiner from competitive examination in violation of section 6 of article V of the State Constitution. The Budget Examiner series contains a number of titles, with Budget Examiner being the entry-level title and Chief Budget Examiner being the highest title in the series.[*] The two titles immediately below Deputy Chief Budget Examiner in the series are Assistant Chief Budget Examiner and Principal Budget Examiner. Promotion to Principal Budget Examiner has customarily been made by means of competitive written and oral examinations conducted on a regular basis. Appointment to the next level, Assistant Chief Budget Examiner, has been made by administrative transfer pursuant to subdivision 6 of section 52 of the Civil Service Law which, according to the department's interpretation, authorizes the transfer of individuals in administrative positions between competitive class positions in similar

---

[*] The Chief Budget Examiner title is currently scheduled to be abolished after the remaining two incumbents vacate their positions, leaving the Deputy Chief Budget Examiner title as the highest in the Budget Examiner series.

grades. Since the eligibility requirements for promotion to Deputy Chief Budget Examiner include a minimum period of service as an Assistant Chief Budget Examiner, petitioners contend that the use of administrative transfers for appointments to the Assistant Chief Budget Examiner level, together with the noncompetitive appointments to Deputy Chief Budget Examiner at issue herein, avoids the constitutional requirement of merit and fitness established by competitive examination. The State Constitution, however, requires the use of competitive examinations "as far as practicable" (NY Const, art V, § 6), and "the Legislature may * * * determine whether it is practicable to ascertain merit and fitness for a particular position by competitive examination or by any examination at all" (*Amico v Erie County Legislature,* 36 AD2d 415, 424-425, affd 30 NY2d 729). The provisions of subdivisions 6 and 7 of section 52 of the Civil Service Law must be viewed as a legislative determination of circumstances where competitive examination would not be practicable. Accordingly, inasmuch as petitioners do not challenge the validity of the administrative transfers from Principal Budget Examiner to Assistant Chief Budget Examiner pursuant to subdivision 6 of section 52 of the Civil Service Law, and since we have concluded that the 12 appointments to the position of Deputy Chief Budget Examiner were authorized by subdivision 7 of section 52, petitioners' constitutional challenge must be rejected.

 Petitioners' final objection is to the validity of the minimum service requirement of three years of permanent service as an Assistant Chief Budget Examiner to be eligible for promotion to Deputy Chief Budget Examiner. Petitioners do not dispute respondents' authority to impose a minimum service requirement, but, rather, claim that the three-year requirement imposed herein is contrary to the previously adopted and published requirement and is irrational. As to the first claim, the record shows that respondents elected to impose the three-year service requirement in place of the previously adopted more lenient requirement. We find nothing to prohibit such a change as long as the newly imposed requirement is not irrational or unreasonable (see Civil Service Law, § 51, subd 1; *Mills v Bahou,* 55 AD2d 57). As to the rationality and reasonableness of the three-year service requirement, the record shows that the determination to impose the more stringent requirement was based upon the substantial changes in the nature of the duties and responsibilities of the Deputy Chief Budget Examiner position, and was part of an over-all revision of the qualifying experience requirements

throughout the Budget Examiner series. Accordingly, the determination has a rational basis and, as found by Special Term, should not be disturbed.

KANE, J. P., MAIN and Weiss, JJ., concur.

Judgment affirmed, without costs.