■ In the Matter of ELIZABETH MACK, Individually and as President of Local 696 of the Civil Service Employees Association, Inc., et al., Appellants, v JULIO A. MARTINEZ, Individually and as Director of the Division of Substance Abuse Services, et al., Respondents.—Casey, J. Appeal from a judgment of the Supreme Court at Special Term (Hughes, J.), entered January 4, 1985 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to, *inter alia,* direct respondent Department of Civil Service to conduct a competitive exam for positions created within respondent Division of Substance Abuse Services for former employees of respondent Narcotic and Drug Research, Inc.

Petitioners challenge the interpretation and application of Civil Service Law § 45 by respondent Department of Civil Service (Department) which authorized the "covering-in" of a

number of employees of respondent Narcotic and Drug Research, Inc. (NDRI), a private not-for-profit corporation. NDRI had been conducting various programs under contract with respondent Division of Substance Abuse Services (DSAS) when DSAS took over certain functions of NDRI. Civil Service Law § 45 (1) provides, in part, that: "Whenever the state or any civil division or public agency shall acquire a private institution or enterprise, for the purpose of operating it as a public function, such civil division, or public agency, as the case may be, may continue the employment of all officers or employees thereof deemed necessary, who shall have been in the employ of such private institution or enterprise for at least one year prior to such acquisition." Civil Service Law § 45 (2) requires that the positions be classified or reclassified and provides that: "The then incumbents of such positions who are employed therein at the time of the acquisition of the private institution or enterprise and who were so employed for at least one year prior to such acquisition shall continue to hold their positions without further examination and shall have all the rights and privileges of the jurisdictional class to which such positions may be allocated".

Petitioners contend that the provisions of Civil Service Law § 45 are applicable only when a State agency acquires a private institution or enterprise in its entirety and that, therefore, the positions acquired by DSAS in its takeover of only certain functions of NDRI must be filled by open competitive examinations. Special Term properly rejected this contention.

The interpretation of Civil Service Law § 45 involves a knowledge and understanding of underlying operational practices and entails an evaluation of factual data and inferences to be drawn therefrom. Accordingly, the Department's interpretation will be upheld if not irrational or unreasonable (see, *Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451, 459; see also, *Matter of Organization of N. Y. State Mgt./Confidential Employees v Lawton*, 106 AD2d 48, 49, lv denied 65 NY2d 602). We find nothing in either the language of the statute itself or its legislative history, or in the facts and circumstances of this case, to establish the irrationality or unreasonableness of the Department's construction and application of Civil Service Law § 45 as authorizing "covering-in" when one or more functions of a private entity are assumed by a State agency. Nor do we find any merit in petitioners' claim that such "covering-in" avoids the constitutional requirement of merit and fitness established by competitive examination (see,

NY Const, art V, § 6). The provisions of Civil Service Law § 45 must be viewed as a legislative determination of circumstances where competitive examination would not be appropriate, pursuant to the authority expressly delegated to the Legislature by the State Constitution *(see, Matter of Organization of N. Y. State Mgt./Confidential Employees v Lawton, supra,* p 51). The judgment dismissing the petition should therefore be affirmed.

Judgment affirmed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.