In the Matter of COUNCIL 82, AFSCME, AFL-CIO, Appellant, v NEW YORK STATE DEPARTMENT OF CIVIL SERVICE et al., Respondents.

Third Department, May 8, 1986

---

**APPEARANCES OF COUNSEL**

*Christopher H. Gardner* for appellant.

*Robert Abrams, Attorney-General (Calvin M. Berger* and *William J. Kogan* of counsel), for respondents.

**OPINION OF THE COURT**

CASEY, J.

The Fire Safety Unit of the Special Services Division of the State Capital Police Force was created in or about 1977, and pursuant to a bidding procedure contained in the relevant collective bargaining agreement, four Capital Police Officers bid to perform the duties of the newly created unit. A reorganization of the Capital Police Force occurred in 1981, resulting in the reclassification of four Capital Police Officer, Grade 12, positions to Fire Safety Officer I, Grade 14, and the creation of one or more Fire Safety Officer Trainee, Grade 13, positions, all of which are in the competitive class. Respondent Department of Civil Service determined that competitive examination for the Fire Safety Officer I positions would not be appropriate since only the limited number of Capital Police Officers who had received State-sponsored fire safety training could have any expectation of passing such an examination. The Department also determined that a separate competitive examination for the Fire Safety Officer Trainee position would not be appropriate since that position required the same abilities as the Capital Police Officer positions, which were filled by competitive examination. Based upon these determinations, the four Fire Safety Officer I positions were initially filled by transferring the four Capital Police Officers who had been performing the duties of the Fire Safety Unit and giving them provisional appointments to the Fire Safety Officer I positions. The trainee positions were also to be filled by transfer of Capital Police officers to the Fire Safety Officer

Trainee positions, and upon successful completion of the training period established for such positions, a further transfer to Fire Safety Officer I would occur.

Petitioner, the collective bargaining representative for the Capital Police Officers, objected to this procedure, claiming that competitive examinations were required for both the Fire Safety Officer I and Fire Safety Officer Trainee positions. After its appeal to respondent Civil Service Commission was denied, petitioner commenced this proceeding seeking to review the determination of the Commission and to compel respondents to conduct competitive examinations. Special Term dismissed the petition and this appeal ensued.

Petitioner relies upon the constitutional requirement that merit and fitness be established by competitive examination. The State Constitution, however, requires the use of competitive examination only "as far as practicable" (NY Const, art V, § 6), and the Legislature has carved out a number of exceptions where competitive examinations are not practicable (see, Matter of Organization of N. Y. State Mgt./Confidential Employees v Lawton, 106 AD2d 48, 51, lv denied 65 NY2d 602). Thus, State civil service positions have been divided into a number of classes (Civil Service Law art III), and only one of these classes—the competitive class—is subject to the competitive class requirement (see, Civil Service Law § 50 [1]). Within the competitive class, the Legislature has also determined by statute that competitive examinations are not practicable under certain circumstances (see, e.g., Civil Service Law § 45 [2]; § 52 [6], [7]; § 70 [1]). Respondents sought to fill the newly created positions at issue here by use of the transfer procedure authorized by Civil Service Law § 70 (1). Thus, if there exists a rational basis for the use of this transfer procedure, there has been no infringement of the constitutional requirement of competitive examinations (see, Matter of Organization of N. Y. State Mgt./Confidential Employees v Lawton, supra).

Petitioner also relies upon the provisions of Civil Service Law § 52 concerning promotion examinations. Civil Service Law § 52 (9) defines promotion in terms of a certain increase in salary. Petitioner contends that, based upon this definition, the transfers at issue are actually promotions subject to the examination requirement of Civil Service Law § 52 (2). Transfer and promotion, however, are separate and distinct procedures for filling vacancies and the promotion procedures of the statute must be used only "as far as practicable" (Civil Service

Law § 52 [1]). The transfer procedure, on the other hand, can be used if the salary levels of the positions are the same, substantially the same or lower (4 NYCRR 5.1 [a] [2]), and respondents have rationally construed this requirement as having been met if the positions are within two salary grades of each other.

The issue thus distills to whether there is a rational basis for respondents' determination that transfer, pursuant to Civil Service Law § 70 (1), is the appropriate procedure for filling the newly created positions. If so, the facts and circumstances of the case fall within one of the categories for which the Legislature has determined that a competitive examination, either open or promotional, would not be practicable.

Civil Service Law § 70 (1) provides that "no employee shall be transferred to a position for which there is required * * * an examination involving essential tests or qualifications different from or higher than those required for the position held by such employee". Respondents determined that the appropriate method of filling the Fire Safety Officer Trainee position was by transfer from the Capital Police Officer position based upon the conclusion that the essential tests and qualifications for the two positions would be the same. Such a conclusion, supported by the record, provides a rational basis for respondents' determination. Transfer from the trainee position to that of Fire Safety Officer I was determined to be appropriate since the knowledge and abilities necessary to perform the duties of the latter position could only be acquired by completion of the training period. Since only those who complete the training period of the Fire Safety Officer Trainee position could be eligible for appointment to the Fire Safety Officer I position, and since those who complete that training are appointed to the Fire Safety Officer I position, respondents' choice of the transfer procedure as the appropriate mechanism has a rational basis (cf. Matter of Organization of N. Y. State Mgt./Confidential Employees v Lawton, supra).

Special Term's judgment dismissing the petition must, therefore, be affirmed.

MAIN, J. P., MIKOLL, YESAWICH, JR., and HARVEY, JJ., concur.

Judgment affirmed, without costs.