■ STATE OF NEW YORK, Respondent, v COUNTY OF NASSAU, Appellant.—Mikoll, J. Appeal (1) from an order of the Supreme Court at Special Term (Conway, J.), entered June 28,

1985 in Albany County, which granted plaintiff's motion for summary judgment and denied defendant's cross motion for summary judgment dismissing the complaint, and (2) from the judgment entered thereon.

Plaintiff brought this action to recover unpaid interest due from defendant by reason of its failure to make timely payment of annual contributions owing to the State Employees' Retirement System and the State Policemen's and Firemen's Retirement System. Under Retirement and Social Security Law § 17, defendant was required to make its payments to the retirement systems within 30 days of receipt of an invoice showing the amount due. Interest is payable at the rate of 5% per annum on any unpaid balance from the first day after such 30-day period.

Special Term granted plaintiff's motion for summary judgment, finding that the invoices were received by defendant on May 13, 1981 and that payment was not made until June 18, 1981, when defendant's checks were received. Judgment was thereafter entered in the sum of $45,503.15, including interest, costs and disbursements. This appeal by defendant ensued.

The order and judgment should be affirmed. Defendant's contention, that payment by mail postmarked June 15, 1981 constituted timely payment within Retirement and Social Security Law § 17 (c) because plaintiff assented to the mailing procedure, is rejected.

Mere acceptance of timely payment by mail (received before the last day for payment expired) does not authorize or signify acceptance of late payment by mail (received after the last day for payment) *(cf. Matter of American Tel. & Tel. Co. v State Tax Commn.,* 61 NY2d 393, 403-404). Moreover, the doctrine of estoppel is not applicable to State agencies acting in a governmental capacity *(see, Matter of Hamptons Hosp. & Med. Center v Moore,* 52 NY2d 88, 93-94, n 1). Consequently, defendant's argument that plaintiff should be estopped from taking the position that it did not authorize or assent to payment by mail is of no avail.

Further, since the checks in question were postmarked June 15, 1981, 33 days after receipt of the invoices, payment by mail would not have been timely. Defendant's argument, that if the Legislature intended that payment had to be received within 30 days rather than mailed within that time it would have used the words "shall be received" rather than "made", is not persuasive. The State Comptroller's interpretation that payment is made under section 17 (c) when it is received is

rational and reasonable. It should therefore be upheld by this court *(see, Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451, 459; *Matter of Howard v Wyman,* 28 NY2d 434, 438; *Matter of Mack v Martinez,* 117 AD2d 959).

Finally, defendant's challenge to the claimed number of days the interest accrued cannot be considered on this appeal since that challenge should have been brought in a CPLR article 78 proceeding within four months of receipt of the invoices *(see, Matter of Public Serv. Commn. v Rochester Tel. Corp.,* 55 NY2d 320, 325).

Order and judgment affirmed, with costs. Main, J. P., Casey, Mikoll and Yesawich, Jr., JJ., concur.