In the Matter of John G. Connery, Appellant, v Franklin E. White, as Commissioner of the New York State Department of Transportation, et al., Respondents.

Third Department, December 27, 1990

## APPEARANCES OF COUNSEL

*Hinman, Straub, Pigors & Manning (John R. Saccocio* of counsel), for appellant.

*Robert Abrams, Attorney-General (Patrick Barnett-Mulligan* of counsel), for respondents.

## OPINION OF THE COURT

LEVINE, J.

In this proceeding pursuant to CPLR article 78, petitioner challenges the determination of respondent Walter D. Broadnax, as Commissioner of the Department of Civil Service (hereinafter the Department) and President of the Civil Service Commission, approving the noncompetitive promotion of respondent Robert Bentley from Assistant Director of Personnel A to Director of Personnel A in the Department of Transportation (hereinafter DOT) pursuant to Civil Service Law § 52 (7). Petitioner holds the position of Agency Labor Relations Representative III, a grade 27 position, in DOT and had previously served as Assistant Director of Personnel B in that department. In his petition, he seeks the rescission of Bentley's appointment along with an order directing that a competitive exam be held for the position and that he be allowed to compete for the position by such examination.*

The undisputed facts are that in November 1988, by letter to the Department, DOT nominated Bentley for promotion to Director of Personnel A pursuant to Civil Service Law § 52 (7). Under that section, promotion to a vacant competitive class position may be accomplished by noncompetitive examination whenever, *inter alia,* there are no more than three persons eligible for examination for such promotion. The Department

---

* While this appeal has been pending, the Attorney-General's office informed the court that Bentley had resigned as Director of Personnel A, thus making it impossible for DOT to rescind his appointment. While the part of the petition seeking this relief is moot, the remaining causes of action are still viable.

fixed the number of persons eligible for such promotion by applying the provision in Civil Service Law § 52 (1) that vacancies in a competitive class are to be filled, "as far as practicable, by promotion from among persons holding * * * positions in a lower grade in the department in which the vacancy exists, provided that such lower grade positions are *in direct line of promotion,* as determined by the [Department]" (emphasis supplied). Here, the Department determined that the positions in direct line of promotion for Director of Personnel A were those of Assistant Director of Personnel A and Director of Personnel B. DOT had no Director of Personnel B. Because only three persons, including Bentley, held the position of Assistant Director of Personnel A in DOT, the Department authorized the noncompetitive promotion of Bentley under Civil Service Law § 52 (7).

On appeal from Supreme Court's dismissal of his petition, petitioner's principal argument appears to be that the Department, in narrowly defining the "positions * * * in direct line of promotion" (Civil Service Law § 52 [1]) to restrict the number of eligibles for examination for such promotion, violated the mandate of the State Constitution that promotions shall be made by competitive examination "as far as practicable" (NY Const, art V, § 6). Petitioner contends that he demonstrated that it was practicable to have extended the list of eligibles to more than three so as to have made it possible to hold a competitive examination. In support of this position, petitioner points first to the fact that in 1968, the last year a competitive examination for the post in question was held, Assistant Director of Personnel B, a title previously held by petitioner, was included among those positions qualifying for the examination. Second, petitioner cites two directives of the Department which, he claims, cumulatively demonstrate that a broader list of positions in direct line of promotion was feasible: (1) a 1978 Classification Standards for Directors of Personnel A through D, and (2) a 1989 Listing of Administrative Titles for purposes of Civil Service Law § 52 (6). According to the 1978 Classification Standards, the minimum qualification for promotion to Director of Personnel A was one year of experience in a "personnel administrative position" at grade 27 or higher. However, under the 1989 Listing of Administrative Titles, a number of additional titles are deemed to be "personnel administrative" positions, including Agency Labor Relations Representatives III and IV and Director of Transportation Training and Management Development. Petitioner

and two other DOT employees hold these titles at a grade 27 or higher. Petitioner claims that this demonstrates that it was practicable to enlarge the eligibility list of positions to include those three additional titles, thereby mandating that the promotion be filled by competitive examination.

We find the foregoing arguments unpersuasive. It is by now well settled that the Legislature may validly identify certain situations where competitive examinations are not "practicable" without violating NY Constitution, article V, § 6 *(see, Matter of Council 82, AFSCME, AFL-CIO v New York State Dept. of Civ. Serv.,* 117 AD2d 110, 112; *Matter of Organization of N. Y. State Management/Confidential Employees v Lawton,* 106 AD2d 48, 51, *lv denied* 65 NY2d 602). Petitioner's constitutional challenge must fail here if there exists a rational basis for the Department to have applied Civil Service Law § 52 (7), one of such statutory exceptions to the mandate for promotion by competitive examination *(see, Matter of Organization of N. Y. State Management/Confidential Employees v Lawton, supra).*

A rational basis for concluding, pursuant to Civil Service Law § 52 (7), that there were not more than three persons in DOT eligible for examination for promotion to Personnel Director A clearly exists here. The Department could reasonably characterize a State agency's Director of Personnel A as a "highly sensitive position". The Department's 1978 Classification Standard for Directors of Personnel A through D sets forth a wide range of weighty administrative responsibilities of such Directors, generally falling within three major program areas: (1) staffing services, including recruitment, examining and placement activities, (2) position classification and compensation, and (3) employee services such as employee insurance programs, health and safety programs, employee counselling and marital award programs. The responsibilities of a Director of Personnel A were deemed to be the most demanding on the basis of the "range and complexity of program and the size of the agency". Thus, Director of Personnel A positions are only applicable to the largest State agencies.

Under the foregoing circumstances, it was entirely rational for the Department to stringently define the positions "in direct line of promotion" for Director of Personnel A so as to limit the persons eligible for examination for such promotion to those holding the titles of Assistant Director of Personnel A and Director of Personnel B, i.e., the positions most nearly

approximating the responsibilities of the vacant position. Very little is necessary to sustain the Department's determination in this regard. "The decisional law * * * is that the [Department's] fixing of the minimum requirements for admission to an examination is not to be interfered with by the courts if any fair argument can be made to sustain its action" *(Matter of Wirzberger v Watson,* 305 NY 507, 513). This narrow scope of judicial review has been specifically applied when eligibility for examination for promotion is based upon the civil service agency's determination of what lower grade positions are "in direct line of promotion" to the vacant position *(see, Matter of Walters v Clark,* 53 AD2d 1012, 1013). Moreover, the Civil Service agency has broad discretion narrowly to apply the concept of direct line of promotion, even so as "to confine eligibility to those on the rung of the promotion ladder immediately below that for which the examination was given" *(Matter of Gerity v Bronstein,* 53 AD2d 814, *lv denied* 40 NY2d 805). Thus, petitioner has not met his burden of showing that the Department acted irrationally in making a similarly restrictive determination of eligibility here.

The foregoing conclusion is not overcome by the fact, relied upon by petitioner, that less stringent qualifications for eligibility to take a promotional examination for Director of Personnel A were applied in 1968 when the last examination for that position was given. The Department had the right to review and reassess the necessary qualifications for the position and to apply a higher standard for eligibility, as it did under the 1978 Classification Standards previously discussed *(see, Matter of Organization of N. Y. State Management/Confidential Employees v Lawton, supra,* at 51).

Nor must the result be changed because the Department has included various labor relations and other management positions within the category of "personnel administrative" in the listing of administrative titles for purposes of Civil Service Law § 52 (6). The listing itself characterizes personnel as one of seven "broad occupational categories" administrative in nature. The Department interprets section 52 (6) as *permissive* statutory authority to depart from the strict requirements of section 52 (1) limiting eligibility for promotional examinations to those holding positions in direct line of promotion to the vacant position. The Department's interpretation is not only reasonable but is completely consistent with the statutory language of Civil Service Law § 52 (6). Thus, all that petitioner has demonstrated is that the Department could have included

petitioner's title and many others in determining an eligibility list for a promotional exam for Director of Personnel A. However, the statute did not compel the Department to do so and, as we have found a rational basis for the manner in which eligibility for such promotion was determined, such determination must be upheld.

KANE, J. P., MIKOLL, YESAWICH, JR., and MERCURE, JJ., concur.

Judgment affirmed, without costs.