■ In the Matter of RALIEK B. ALLAH et al., Respondents, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appellant. In the Matter of JUDITH NEGRON et al., Respondents-Appellants, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appellant-Respondent. [687 NYS2d 153] —Order and judgment (one paper), Supreme Court, New York County (Karla Moskowitz, J.), entered June 30, 1998, which, to the extent appealed from as limited by the brief, granted the petition brought pursuant to CPLR article 78 in part, declaring that McKinney's Unconsolidated Laws of NY § 7390 (2) (b) (New York City Health and Hospitals Corporation Act § 9 [2] [b]; L 1969, ch 1016, § 1, as amended) does not violate NY Constitution, article V, § 6, and judgment, same court (Beatrice Shainswit, J.), entered January 27, 1998, which, upon a prior finding that McKinney's Unconsolidated Laws of NY § 7390 (2) (b) governs respondent's treatment of petitioners, granted the petition brought pursuant to CPLR article 78 to the extent of requiring respondent to grant permanent competitive status without competitive examination to those petitioners qualifying for such classification, unanimously affirmed, without costs.

McKinney's Unconsolidated Laws of NY § 7390 (2) (b), exempting health care personnel formerly employed by voluntary and medical school providers, the functions of which have been assumed by respondent New York City Health and Hospitals Corporation (HHC), from competitive examination as a condition of becoming civil service employees with permanent competitive status within the HHC system, does not violate NY Constitution, article V, § 6, requiring civil service appointments to be made according to merit and fitness and, as far as practicable, by competitive examination, because the Legislature has expressly determined that requiring a compet-

itive examination as a condition of transferring the aforementioned personnel to HHC civil service employment with permanent competitive status would seriously interrupt the continuous provision of health and medical services and, accordingly, would be impracticable (*see, Matter of Wood v Irving*, 85 NY2d 238, 243; *McGowan v Burstein*, 71 NY2d 729, 735). While agreeing with petitioners' arguments as to the validity and applicability of McKinney's Unconsolidated Laws of NY § 7390 (2) (b), we reject their contention on the cross appeal that the seniority of personnel transferred to HHC employment from New York Medical College and Coney Island Medical Group must be preserved pursuant to Civil Service Law § 45. The applicability of Civil Service Law § 45 is conditioned upon public acquisition of a private institution or enterprise. Thus, while a less than complete acquisition may trigger the statute's applicability (*see, e.g., Matter of Mack v Martinez*, 117 AD2d 959, 960), where, as here, there has been no assumption of any function, but merely a transfer of employees to enable the public entity to perform functions that the private entity continues to provide subsequent to the transfer, no acquisition has occurred within the meaning of the statute and the statute is, accordingly, not applicable. Concur—Ellerin, P. J., Sullivan, Lerner and Rubin, JJ.