■ In the Matter of GISLAINE AUGUSTE, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Respondents. [707 NYS2d 28] —Judgment, Supreme Court, New York County (Ronald Zweibel, J.), entered January 26, 1999, which, in a proceeding pursuant to CPLR article 78 challenging the decision of respondent New York City Health and Hospitals

Corporation (HHC) not to transfer petitioner from her prior employment with a voluntary hospital to a similar position with HHC, denied her petition, unanimously reversed, on the law, without costs, the petition granted and the matter remanded for a calculation of back pay.

Petitioner worked on location at Lincoln Hospital, an affiliate of respondent HHC, for 32 years, most recently as a Senior Medical Laboratory Technologist, although Lincoln was not her employer. Rather, she was employed by a succession of medical institutions, the latest by New York Medical College, that provided pathology services to Lincoln through affiliate agreements. HHC had operated the municipal hospital system under its control in part by entering affiliate agreements with private hospitals and medical schools. Under such agreements, the staff of such institutions, for contracted price, operated designated departments of HHC hospitals. In 1997, HHC, as a cost efficiency measure, ended the system of affiliate agreements in favor of establishing its own pathology staff. As such, when the affiliate agreement with New York Medical College for Lincoln expired on June 30, 1997, it was not renewed. The issue in this case arises from how the new department was staffed.

Respondent indicated that hiring would be done by interview. In a March 13, 1997 memorandum, New York Medical College notified its employees in the Lincoln Pathology Department that their employment would be terminated when the affiliate agreement expired. In May 1997, the employees in that department, including petitioner, were advised that they could apply for positions in the new Lincoln Pathology Department, and that they would be considered, but that there would be a reduction in the number of positions. Plaintiff alleges that at a June 27, 1997 meeting, these employees were told that selection would be based on various criteria, including experience, credentials, performance reviews, education, and the employee's employment record, taking into account attendance and any disciplinary history. Petitioner contends, though, that the only criteria mentioned at that meeting were seniority and credentials and that the new staff would primarily be composed of current members of the department. Petitioner notes her top seniority, and relies on professional licensing, to claim an entitlement to one of the positions. Petitioner also views her position to have been transferred rather than abolished, and thus claims a right to retention. This latter point has merit.

Only 11 Pathology Department employees, not including petitioner, were offered positions as Associate Laboratory

Microbiologists, which petitioner claims was a position comparable to her former position. Additionally, two new persons were hired. Petitioner contends that Lincoln was required to hire her for a staff position prior to hiring new employees. Additionally, petitioner disputes defendant's reliance on her employment record, aspects of which she disputes. Moreover, since the new positions are civil service positions, petitioner also claims entitlement to civil service status without having to qualify by exam, pursuant to McKinney's Unconsolidated Laws of NY § 7390 (2) (New York City Health and Hospitals Corporation Act § 9 [2]; L 1969, ch 1016, § 1, as amended), which allows an exemption from the qualifying exam for employees of voluntary hospitals and medical schools transferred to comparable positions performing services assumed by HHC.

As we have noted in the past, we are governed by the statutory phrasing of section 7390 (2) (*Butler v New York City Health & Hosps. Corp.*, 82 AD2d 136), which is applicable under these circumstances, exempting from competitive civil service examination but granting civil service status to former employees of a voluntary hospital whose function has been transferred to an HHC affiliate (*Matter of Allah v New York City Health & Hosps. Corp.*, 259 AD2d 409, *appeal dismissed* 93 NY2d 999). The statute specifically provides that employees of voluntary hospitals who are providing services which are assumed by HHC shall be transferred to HHC (*see, Muhlrad v Mitchell*, index No. 10032/96 [Sup Ct, NY County 1996]). The statute had its origins in HHC's assumption of the functions, and several thousand employees, of municipal hospitals during the early 1970s. Previously, HHC had subcontracted for certain medical services with voluntary hospitals to be performed in municipal hospitals. However, efficiency warranted the assumption of these services by HHC. The statute was enacted to provide for the smooth transfer of functions, which also required the transfer of experienced employees (*Butler v New York City Health & Hosps. Corp., supra*). However, the statute's applicability, by its terms, was not limited to that era or to those specific transfers. Rather, it operates to continue affected employees in their employment in similar or corresponding positions as HHC employees (*cf., Butler v New York City Health & Hosps. Corp., supra*). As such, petitioner is entitled to continued employment, as a transferred employee, in a position similar to that in which she was previously employed. Concur—Rosenberger, J. P., Williams, Tom, Mazzarelli and Buckley, JJ.