■ HERALD SQUARE SOUTH CIVIC ASSOCIATION et al., Appellants, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., et al., Respondents. [764 NYS2d 240] —Judgment, Supreme Court, New York County (Faviola Soto, J.), entered March 31, 2003, dismissing the complaint in an action seeking, inter alia, to enjoin defendant Consolidated Edison Company of New York, Inc. (Con Ed) from proceeding with the construction of an electric substation until it had satisfied certain environmental impact requirements, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered March 27, 2003, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The court correctly held that Con Ed is not constrained from constructing the substation by the "noxious use" provision of the restrictive covenant that applies to the underlying property. We need not reach the issue of whether plaintiffs, a group of concerned neighborhood residents, have standing to assert rights as third-party beneficiaries under the covenant; plaintiffs merely assert, in a conclusory fashion, that they have such rights from their supposed status as "neighboring landowners" (*compare Nature Conservancy v Congel*, 253 AD2d 248, 253 [1999] [a covenant specifically stating that it is "for the benefit of and enforceable by all parties owning property adjoining the premises hereby conveyed" is enforceable]). Given that covenants restricting use are strictly construed against those seeking to enforce them (*Witter v Taggart*, 78 NY2d 234, 237 [1991]) and, in view of the doctrine of ejusdem generis, the IAS court

correctly held that a 21st-century electric substation is not comparable to the 19th-century trades and businesses specifically enumerated in the covenant, and therefore does not constitute a "noxious or dangerous" use within the meaning of the covenant.

We reject plaintiffs' suggestion that to the extent that Con Ed has reserved its right to exercise its statutory condemnation powers, an environmental review under the State Environmental Quality Review Act (SEQRA) has been triggered. Based on definitions contained in Environmental Conservation Law § 8-0105, a private corporation like Con Ed is not an "agency" whose actions fall under SEQRA (*see Matter of Brady v Genesee & Wyoming R.R. Co.*, 225 AD2d 1024 [1996]).

We have considered plaintiffs' remaining contentions that Con Ed was required to apply for a noise variance for the substation and that it would be required to obtain a certification of necessity from the Public Service Commission in the event that it were to exercise its condemnation powers and find them to be without merit. Concur—Nardelli, J.P., Mazzarelli, Sullivan and Williams, JJ.