In the Matter of LANGFORD P. BYRON et al., Appellants, v STATE OF NEW YORK, CIVIL SERVICE COMMISSION, et al., Respondents. [767 NYS2d 676]—

Mercure, J. Appeal from a judgment of the Supreme Court (Benza, J.), entered September 19, 2002 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Civil Service Commission, which denied petitioners' request to participate in civil service promotional examinations.

Petitioners formerly were employed by the Office of General Services in the competitive positions of either Security Services Assistant 1 or Security Services Assistant 2. In March 1998, petitioners were transferred to respondent Division of State Police (hereinafter the State Police) as part of a transfer of functions pursuant to Civil Service Law § 70 (2). The transfer did not alter petitioners' respective civil service classifications. Petitioners subsequently applied to respondent Department of Civil Service to take promotional examinations for the positions of either Security Services Assistant 2 or Security Services Assistant 3. The Department denied the applications on the ground that petitioners "did not have permanent competitive status as . . . State employee[s]."

Thereafter, petitioners commenced a CPLR article 78 proceeding seeking an order requiring the Department to allow them to take the examinations. Pursuant to a stipulation of settlement, petitioners were permitted to take the examinations, but remained ineligible for promotion pending resolution of their administrative appeal of the Department's denial of their applications. Upon that appeal, respondent Civil Service Commission affirmed, concluding that petitioners were ineligible to participate in the examinations because they were under the exclusive jurisdiction of respondent Superintendent of State Police, who possesses the authority to establish criteria for promotion within the State Police.

Petitioners then commenced the instant CPLR article 78 proceeding, challenging the Commission's determination. Supreme Court dismissed the petition. Petitioners now appeal, asserting that the Commission's determination was arbitrary and capricious. Specifically, petitioners claim that as former employees of the Office of General Services and current civilian employees of the State Police, they retained the right to participate in interdepartmental promotional examinations, despite their transfer to the State Police. We disagree.

Initially, we note that as the body charged with administering the statutory scheme at issue, the Commission's interpretation of Civil Service Law § 70 (2) is entitled to deference (see e.g. Matter of Rodriguez v Perales, 86 NY2d 361, 367 [1995]). Section 70 (2) states, in pertinent part, that personnel transferred from one state department or agency to another "shall retain their respective civil service classifications and status" and "be subject to the rules of the civil service commission having jurisdiction over the agency to which transfer is made." The Commission interpreted this section as protecting transferees' titles and status as permanent employees, rather than transferees' rights of promotion from their former positions.

We conclude that this interpretation is rational. It is well settled that the Legislature may grant the superintendent authority to establish a competitive promotional system for State Police personnel, separate from that used by the Department (*see Matter of Andresen v Rice*, 277 NY 271, 276, 280 [1938]). As the Commission concluded, this authority is found in Executive Law § 211, which states that "[t]he superintendent may appoint such employees as may be necessary." Further, Executive Law § 215 (3) authorizes the superintendent to charge any person taking a competitive examination for a civilian position an application fee. The relevant regulations, which provide that civilian positions are to be filled after competitive examination (*see* 9 NYCRR 477.1) and that the superintendent, in his or her discretion, *may* make appointments from lists established by the Department (*see* 9 NYCRR 477.5), are not to the contrary. Indeed, these regulations give the superintendent the authority to choose the method by which promotions are made, subject to the requirement that competitive examinations are used. Finally, we note that the State Police historically has possessed the authority and responsibility for the recruitment, hiring and promotion of both its sworn members and civilian employees. Accordingly, we cannot say that the Commission's determination was arbitrary and capricious.

Cardona, P.J., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.