In the Matter of DAVID KIRMAYER, Appellant, v STATE OF NEW YORK CIVIL SERVICE COMMISSION et al., Respondents. [840 NYS2d 219]—

Spain, J. Appeal from a judgment of the Supreme Court (Ferradino, J.), entered April 17, 2006 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, inter alia, revoke the appointment of certain respondents to the position of Chief of Data Processing Technical Services.

In a letter dated December 18, 2004, petitioner requested that respondent Department of Civil Service revoke the appointment of respondent Raymond Toth to the position of Chief of Data Processing Technical Services (hereinafter CDPTS), which is a salary grade M-3 in the state civil service system. At that time, petitioner held the position of Manager of Data Processing Technical Services (Systems Programming) (hereinafter MDPTS) with respondent Office of Technology, which is a salary grade 27, and he claimed that he was ranked first, with eight others, on a competitive examination list, and that Toth—who had previously held the same job title as petitioner, MDPTS (Data Base)—was not even among the top 10 individuals on the

list. Petitioner argued that Toth's appointment violated the NY Constitution and Civil Service Law §§ 52 and 61.

Upon its review, the Department advised petitioner that the appointment was not a promotion, as petitioner alleged, but a transfer, which did not entail the use of the promotion list based on a competitive exam, and that the transfer, under Civil Service Law § 52 (6), satisfied all applicable departmental guidelines. Petitioner then appealed and requested a hearing before respondent Civil Service Commission, which was granted and held by written submission. Prior to the hearing, petitioner learned that respondents John Christiansen Jr., Steven Struzinsky and Marie Huffman had also been appointed to CDPTS positions, under similar circumstances as Toth, and petitioner requested that these appointments also be revoked by the Department.

The Commission denied petitioner's appeal concerning the Toth appointment. Based on the Commission's findings, the Department then recommended that the Commission not hear petitioner's similar appeal concerning the other appointments and the Commission subsequently declined to hear it. Petitioner then commenced this proceeding seeking to nullify the appointments, alleging that they were actually promotions and were made in violation of his right to promotion based on merit and competitive exam. Supreme Court dismissed the petition, finding that these employees were qualified for voluntary transfers to the CDPTS positions by virtue of their periods of permanent competitive service in their transfer appropriate titles within the Office of Technology and that these appointments did not violate petitioner's statutory or constitutional rights. Petitioner now appeals.

NY Constitution, article V, § 6 states, in pertinent part, that "[a]ppointments and promotions in the civil service of the state . . . shall be made according to merit and fitness to be ascertained, as far as practicable, by examination which, as far as practicable, shall be competitive." Indeed, appointments made without the use of a competitive exam are not entirely barred. "An untested appointment or promotion, however, must rest on (1) a legislative determination that ascertaining fitness by competitive examination is 'impracticable'; and (2) a sound, discernible basis supporting the Legislature's determination of impracticability" (*Matter of Wood v Irving*, 85 NY2d 238, 243 [1995] [citations omitted]).

The Legislature has determined that competitive examinations are not practicable under certain circumstances, including situations where transfers are appropriate pursuant to Civil

Service Law § 52 (6) (*see Matter of Organization of N.Y. State Mgt./Confidential Empls. v Lawton*, 106 AD2d 48, 51 [1985], *lv denied* 65 NY2d 602 [1985]). Civil Service Law § 52 (6) (c) provides that "[t]ransfers shall be allowed between administrative positions in the same or related or collateral specialties which involve substantially equivalent tests or qualifications, subject to such conditions and limitations as the state civil service department may prescribe." The Department's rules define a transfer as "the change, without further examination, of a permanent employee from a position under the jurisdiction of one appointing authority to a position under the jurisdiction of another appointing authority or to a position in a different title in the same or a higher salary grade under the jurisdiction of the same appointing authority" (4 NYCRR 1.2 [b] [1]); and further limit such transfers in that "[a] transfer may be made only if the position to which transfer is sought is at the same or substantially the same or a lower salary level than the position from which transfer is sought" (4 NYCRR 5.1 [a] [2]).

In reviewing an administrative action, this Court " ' "must ascertain only whether there is a rational basis for the [determination] or whether it [was] arbitrary and capricious" ' " (*Matter of Fortune v State of N.Y., Div. of State Police*, 293 AD2d 154, 157 [2002], quoting *Matter of 310 S. Broadway Corp. v McCall*, 275 AD2d 549, 550 [2000], *lv denied* 96 NY2d 701 [2001]; *see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 230-231 [1974]). Here, the Department's determination that these appointments were appropriate transfers and not subject to examination was indeed rational. First, the positions of MDPTS and CDPTS involve substantially equivalent qualifications. The Department's job description of a CDPTS states that the position performs the same functions as a MDPTS, but in a significantly larger organization, and the knowledge, skill and ability required for both positions are identical. Secondly, the salary levels of the M-3 position and the grade 29 position are relatively equal, fully supporting the Department's determination that the salary levels of the two positions were within two salary grades and, therefore, substantially the same (*see Matter of Council 82, AFSCME, AFL-CIO v New York State Dept. of Civ. Serv.*, 117 AD2d 110, 113 [1986]).

Accordingly, Supreme Court's dismissal of petitioner's application will not be disturbed.

Cardona, P.J., Peters, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.