■ DAVID FINK, Respondent, v BERNARD B. GROBART Appellant, and CAREN STANLEY, Intervenor-Appellant, et al., Intervenor. [886 NYS2d 828]—

In an action to recover damages for tortious infliction of emotional distress and for a judgment directing the defendant to remove a grave marker and replace it with a grave marker of the plaintiff's choosing, the defendant appeals, and the

intervenor Caren Stanley, the daughter of the deceased Carl Levine, separately appeals, from an order of the Supreme Court, Suffolk County (Molia, J.), dated August 11, 2008, which denied their respective motions for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with one bill of costs, and the motions for summary judgment dismissing the complaint are granted.

According to the plaintiff, he and Carl Levine lived together as domestic partners for 24 years. The plaintiff alleges that in 1994 he and Levine purchased burial rights in three adjacent cemetery plots at the Shaarey Pardes Accabonac Grove Cemetery (hereinafter Grove Cemetery), which is owned by the Jewish Center of the Hamptons (hereinafter JCOH). The parties dispute whether the three lots were purchased jointly, or whether the plaintiff purchased one plot and Levine separately purchased two plots. Levine died on November 26, 2004, and was buried at Grove Cemetery on November 28, 2004.

In 2006 the plaintiff commenced this action against the defendant, who at all relevant times was the Chairperson of the JCOH's Cemetery Committee. He alleged that the defendant improperly rejected his request to install a grave marker on the decedent's grave, and instead allowed intervenor Caren Stanley, the decedent's daughter, to do so. Accordingly, he seeks, inter alia, a judgment directing the defendant to remove the current grave marker and replace it with a grave marker of the plaintiff's choosing. The plaintiff also alleges "tortious infliction of emotional distress."

The defendant was entitled to summary judgment dismissing the plaintiff's cause of action for a judgment directing the defendant to remove the existing grave marker and replace it with a grave marker of the plaintiff's choosing. The defendant resigned his post as Chairperson effective December 31, 2006. Accordingly, he lacks the authority to provide the relief sought by the plaintiff (*see Matter of DIP Pharm. v Perales,* 211 AD2d 790, 791 [1995]; *Matter of Girard v Board of Educ. of City School Dist. of City of Buffalo,* 168 AD2d 183, 184 [1991]; *Matter of Connery v White,* 164 AD2d 535, 536 n [1990]; *Meteor Indus. v Metalloy Indus.,* 104 AD2d 440, 441 [1984]). We note that JCOH is not named as a defendant.

The movants demonstrated prima facie entitlement to summary judgment dismissing the cause of action to recover damages for tortious infliction of emotional distress. In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]).

In light of our determinations, we need not address the parties' contentions with respect to the plaintiff's standing to maintain this action (*see Elmira Teachers' Assn. v Elmira City School Dist.,* 53 AD3d 757, 760 [2008]; *Herald Sq. S. Civic Assn. v Consolidated Edison Co. of N.Y.,* 307 AD2d 213 [2003]; *Matter of Fishman v Mills,* 294 AD2d 764, 766 [2002]; *Matter of Disability Advocates v Wing,* 252 AD2d 525 [1998]). Dillon, J.P., Florio, Belen and Roman, JJ., concur.