◼ In the Matter of VINCENT J. O'CONNOR, Appellant, v NEW YORK STATE CIVIL SERVICE COMMISSION et al., Respondents. [912 NYS2d 803]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Devine, J.), entered August 27, 2009 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Civil Service Commission upholding the appointment of Frank Gottlieb to the title of supervising hearing officer.

In February 2008, respondent Office of Temporary Disability and Assistance (hereinafter OTDA) posted a vacancy for the position of supervising hearing officer (hereinafter SHO). Petitioner, a hearing officer at OTDA since 1995, was one of approximately a dozen applicants who were considered for the position. Another one of the applicants was Frank Gottlieb, a former SHO at OTDA who had recently retired in December 2007 and had submitted a request for reinstatement. Gottlieb was reinstated to the position prompting petitioner to apply to respondent Department of Civil Service to revoke Gottlieb's appointment. The Department denied petitioner's application. He appealed to respondent Civil Service Commission and the Commission affirmed the Department's determination. Petitioner then commenced the current CPLR article 78 proceeding seeking to annul the Commission's decision, require the SHO posi-

tion to be filled by competitive examination and prohibit respondents from retaliating against him. Supreme Court dismissed the petition. Petitioner appeals.

We affirm. Petitioner argues that OTDA has acted improperly for many years because, instead of using competitive examinations, individuals are placed in SHO positions by the transfer method authorized in Civil Service Law § 52 (6) (*see generally Matter of Kirmayer v State of N.Y. Civ. Serv. Commn.*, 42 AD3d 848, 849-850 [2007], *appeal dismissed* 9 NY3d 955 [2007]). That issue, however, is not properly before us in this appeal. The challenged appointment of Gottlieb was not a transfer, but was done by reinstatement. It has long been recognized that, pursuant to 4 NYCRR 5.4, "[r]einstatement within one year, without examination, is permitted" (*Matter of O'Marah v Levitt*, 35 NY2d 593, 596 [1974]; *cf. Matter of Marcus v Ingersoll*, 266 NY 359, 361 [1935]). Review of the record reveals that the Commission did not act in an arbitrary or capricious manner when denying petitioner's request to have Gottlieb's reinstatement revoked (*see e.g. Matter of Kirmayer v State of N.Y. Civ. Serv. Commn.*, 42 AD3d at 850; *Matter of Byron v State of New York, Civ. Serv. Commn.*, 2 AD3d 945, 947 [2003]) and, in any event, the specific issue as to Gottlieb is moot since he reportedly left the SHO position during the time this appeal was pending (*see Matter of Connery v White*, 164 AD2d 535, 536 n [1990]).

We are unpersuaded by petitioner's contention that Supreme Court erred in dismissing the portion of his petition alleging that OTDA retaliated against him in violation of Civil Service Law § 75-b by denying him the current promotion because he had previously unsuccessfully challenged OTDA's procedures for appointing an SHO. Notwithstanding potential procedural issues (*see* Civil Service Law § 75-b [2] [b]; *cf. Yan Ping Xu v New York City Dept. of Health*, 77 AD3d 40, 46-47 [2010]), the record establishes that Gottlieb received the highest assessments during the interviews of all applicants, he was the only applicant to receive top ratings in all criteria, he had seven years of experience in the position, and his prior performance in the position had been characterized as excellent. This provided an independent basis apart from petitioner's claimed retaliation for the decision to reinstate Gottlieb rather than promote petitioner (*see generally Matter of Rigle v County of Onondaga*, 267 AD2d 1088, 1089 [1999], *lv denied* 94 NY2d 764 [2000]).

Cardona, P.J., Mercure, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.